UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

---

|  |  |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ] ] ] ] |
| ------------------------------------------------- | ] |
| THIS DOCUMENT RELATES TO: *Robert Gennell, Jr., et al. v. FedEx Ground Package Sys., Inc., et al.* Civil No. 3:05-CV-0534-RLM-CAN (NH) *Arthur Smith, et al. v. FedEx Ground Package System, Inc.* Civil No. 3:05-CV-0600-RLM-CAN (TN) *Katrina Lee, et al. v. FedEx Ground Package System, Inc.* Civil No. 3:05-CV-0533-RLM-CAN (MN) *Donald E. Carlson, et al. v. FedEx Ground Package System, Inc.* Civil No. 3:05-CV-0664-RLM-CAN (FL) *Theodore Fleming, Jr., et al. v. FedEx Ground Package System, Inc.* Civil No. 3:05-CV-0593-RLM-CAN (MS) | ] ] ] ] ] ] ] ] ] ] ] ] ] ] ] |
| _____ | ] |

Cause No. 3:05-MD-527 RM
(MDL-1700)

OPINION and ORDER

The defendants in Gennell, Smith, Lee, Carlson, and Fleming move to dismiss portions of the plaintiffs' complaints because the Employee Retirement Income Security Act of 1974 preempts certain state law claims; and even if the plaintiffs' claims were converted to ERISA claims, the plaintiffs have failed to allege participant status, failed to exhaust the required administrative remedies, and to the extent the ERISA claims are brought under § 502(a)(1)(B), the plaintiffs

didn't bring the claims within the applicable statute of limitations.[1] In opposing

the motions, the plaintiffs assert the claims at issue can and should be construed

as valid state law claims because the plaintiffs affirmatively limit the scope of their

complaints to seek relief only provided for by these state laws.

The defendants' argument that certain allegations and prayers for relief

contained in the plaintiffs' complaints are preemptive is unpersuasive at this time.

The plaintiffs' responses unequivocally abandon their potential ERISA claims and

any relief that could derive from such ERISA claims.[2] Any finding of preemption

would require analysis of some factual connection between the state law claims

for relief, which by themselves do not require preemption, and an ERISA-related

plan. *See* Sembos v. Philips Components, 376 F.3d 696, 703-704 (7th Cir. 2004)

(stating that a "state law claim 'relates' to an employee benefit plan if it has a

connection with or reference to such a plan" and whether state law claims are

preempted by ERISA § 514(a) is a difficult question often turning on factual

---

[1] While the motions to dismiss in Smith, Lee, Carlson, and Fleming are not yet ripe, the arguments upon which the defendants rely are substantially similar to those asserted in Gennell, and so the court addresses those motions without further briefing. *See* FED. R. CIV. P. 1 (Emphasizing the "just, speedy, and inexpensive determination of every action.").

[2] The plaintiffs explicitly abandon any assertion of an ERISA claim in these actions in lieu of advancing such rights as putative class members in Craig, et al. v. FedEx Ground Package Sys., Inc., Civil No. 3:05-CV-530. Plaintiffs' Opp. Memorandum in 3:05-CV-534 at p.1 ("[P]laintiffs are not specifically seeking redress for any claims to benefits under any plan covered by ERISA in the context of their action,[and] any rights they may have in this regard will be decided in the context of adjudication of the nationwide ERISA class claim in *Craig.*"); Plaintiffs' Opp. Memorandum in 3:05-CV-600, 3:05-CV-533, 3:05-CV-664 at p.2. ("Plaintiffs agree that claims asserting damages for benefits owed under ERISA-mandated plans will not be adjudicated in *Smith*, *Lee*, or *Carlson*. Indeed, no claim under ERISA has been asserted in *Smith*, *Lee*, or *Carlson.*"); and Plaintiffs' Opp. Memorandum in 3:05-CV-593 at p.2 ("Indeed, no claim under ERISA has been asserted in *Fleming.*").

connections to an ERISA-related plan.); *see also* <u>Jass v. Prudential Health Care Plan, Inc.</u>, 88 F.3d 1482, 1492-1495 (7th Cir. 1996) (highlighting the importance of establishing a factual connection between a plaintiff's state law claims and an ERISA plan when a court engages in conflict preemption analysis). This connection should not exist under the plaintiffs' now limited state law claims for relief, so the court declines to find the claims at issue preempted by ERISA.

With no grounds for dismissal at issue other than those raised under ERISA, the court DENIES the defendants' motions to dismiss [Doc. Nos. 266, 286, & 310].

SO ORDERED.

DATED:     August 8, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court