UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) | Case No. 3:05-MD-527 RLM (MDL 1700) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| _Michael Tofaute, et al. v. FedEx Ground Package System, Inc.,_ Civil No. 3:05cv595 RLM-MGG (NJ) | ) ) ) ) | |

OPINION AND ORDER

Twenty proposed class actions in this multi-district litigation docket came before me on March 13-14 for fairness hearings. The cases are on limited remand from the court of appeals, where nineteen of them awaited resolution. The Judicial Panel on Multi-District Litigation centralized the cases under 28 U.S.C. § 1407, but the cases haven't been consolidated, so each proposed settlement must be examined separately.

I. HISTORY OF THE MDL DOCKET

In July 2005, the JPMDL granted (over the plaintiffs' objections) FedEx Ground's second request to centralize a series of cases in which FedEx Ground drivers claimed to be employees, rather than the independent contractors their employment contracts announced. The Panel reasoned that economies were to be gained because all drivers were governed by the same contract. The MDL process proved cumbersome. Even if the wording of each contract was the same,

each state's agency law varied, and differences in operation from one terminal to the next had the potential of affecting the decision.

The number of cases in the MDL docket eventually grew to 40. I appointed attorneys from three law firms to serve as co-lead counsel: Lockridge Grindal Nauen P.L.L.P. of Minneapolis, Harwood Feffer LLP of New York City, and Leonard Carder LLP of Oakland. I also appointed attorneys from three other firms – Cureton Caplan, P.C. of Delran, NJ; Siegel, Brill, Greupner, Duffy & Foster, P.A. of Minneapolis; and Zimmerman Reed P.L.L.P. of Minneapolis – to complete the plaintiffs' steering committee.

The stakes were enormous. Not only did the plaintiffs' co-lead counsel seek to represent upwards of 10,000 arguably under-compensated drivers, but the attack on drivers' independent contractor status threatened FedEx Ground's entire business model.

Consistent with those stakes, discovery was more than extensive. Although damages discovery was deferred, merits discovery and class discovery were conducted simultaneously. Some 3.2 million documents were produced and analyzed; seventeen sets of interrogatories were answered; 215 named plaintiffs answered fifteen requests for admission and sat for depositions; 105 FedEx Ground personnel sat for daylong depositions; 20 expert witnesses produced reports and sat for daylong depositions; *Daubert* motions were filed and defended. The class representatives were heavily involved in tracking down records and documents, as well as in preparing for, and giving, their own depositions.

2

The plaintiffs filed class certification motions in each of the cases; FedEx Ground opposed each motion. The plaintiffs filed an omnibus fact memorandum supported by 65 bankers' boxes of documents. In 2007 and 2008, I certified classes in 26 of the then-40 cases, and in all of the 20 on limited remand from the court of appeals. FedEx Ground sought interlocutory appellate review of the certification grants, and the plaintiffs successfully opposed that effort. Class notifications were hampered by spotty databases.

Sixty summary judgment motions and briefing followed. The drivers filed a 75-page statement of undisputed material facts with citations to 12 volumes. In 2010 and 2011, I denied a few of FedEx Ground's summary judgment motions but granted most, and granted all in the 20 cases now on limited remand. With respect to some of the cases, I suggested remand and the Panel sent the cases back to the transferor courts. Co-lead counsel appealed the summary judgment grants in these 20 cases to the United States Court of Appeals for the Seventh Circuit; in most of those cases, FedEx Ground cross-appealed the class certifications.

In both this court and the court of appeals, the parties recommended that the Kansas *Craig* case be addressed first, as something of a quasi-bellwether case. After briefing and argument, the court of appeals certified the employee/independent contractor case to the Kansas Supreme Court, which devised a new 18-part test and answered the certified question in the drivers' favor. Craig v. FedEx Ground Package Sys., Inc., 335 P.3d 66 (Kan. 2014). The court of appeals ultimately reversed my grant of summary judgment to FedEx

3

Ground in *Craig*, and remanded the case. In re FedEx Ground Package Sys., Inc. Emp't Practices Litig., 792 F.3d 818 (7th Cir. 2015). In addition to the reversal in the Kansas case, rulings in other courts were trending toward findings of employee status, *see* Alexander v. FedEx Ground Package Sys., Inc., 765 F.3d 981 (9th Cir. 2014) (California law); Slayman v. FedEx Ground Package Sys., Inc., 765 F.3d 1033 (9th Cir. 2015) (Oregon law), or at least toward fact issues for trial. *See* Gray v. FedEx Ground Package Sys., Inc., 799 F.3d 995 (8th Cir. 2015) (Missouri law); Carlson v. FedEx Ground Package Sys., Inc., 787 F.3d 1313 (11th Cir. 2015) (Florida law).

The parties didn't immediately ask me to find for the Kansas drivers on liability and suggest remand to the United States District Court for the District of Kansas. Instead, the parties had chosen a mediator in an effort to resolve all of the cases remaining in the Seventh Circuit.

Each case was mediated separately, with some cases requiring several sessions. Each case was mediated with an eye on the governing law, which varied from case to case. The mediation spanned four weeks. The drivers and FedEx Ground exchanged experts' views as to the maximum recovery for each case if the drivers prevailed across the board. Settlements were reached in each case, and the court granted preliminary approval of each of the settlements. The plaintiffs then retained Rust Consulting to administer the settlements.

I conducted fairness hearings on March 13 and 14, 2017, and on March 15 and 16, I notified the court of appeals of my inclination to enter final approval

of the class settlements. The court of appeals entered a second limited remand order on March 22 to allow me to do so.

## II. Fairness of the Settlement

### A. Terms and History of the Proposed Settlement

Parties can't settle class actions without the court finding that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e); Synfuel Technologies, Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 652 (7th Cir. 2006); *see also* EEOC v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir. 1985) ("The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate."). In that effort, we in this circuit consider several circumstantial factors:

> (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (quoting Gautreaux v. Pierce, 690 F.2d 616, 631 (7th Cir. 1982)). Of those, the first is the most important. Martin v. Reid, 818 F.3d 302, 306 (7th Cir. 2016).

The *Tofaute* case was filed in the District of New Jersey in May 2005, and was centralized in this court under 28 U.S.C. § 1407 in August 2005. I granted the plaintiffs' motion for certification of a class in October 2007, and granted summary judgment to FedEx Ground in December 2010, finding that the

plaintiffs were independent contractors under New Jersey law. The class appealed.

In June 2016, the parties reached a proposed settlement. FedEx Ground would pay $25,500,000 to the plaintiffs. For each workweek of 35 or more hours during the class period, each class member would receive $72.39; for each workweek of 16-35 hours, each class member would receive $25.34. No class member would receive less than a $250 lump sum. The average recovery per class member would be $19,301, with the highest share being $71,194. No plaintiff would be required to fill out, or collect the information needed for, a claim form. No part of the settlement fund would revert to FedEx Ground if anything were left over.

The proposed settlement resulted from arms-length negotiations with a private mediator. Each side took stock of potential liability and damages under New Jersey law. The class consulted an expert in accounting and damages, who concluded that the maximum recovery the plaintiffs could achieve would be $46,733,000, exclusive of interest. FedEx Ground assessed the claims' value at less than that. The proposed settlement amounts to about 55 percent of a perfect outcome.

A perfect outcome would be a long way off. At this point, my ruling that these drivers are independent contractors under New Jersey law is the only judicial determination. The class would need for the court of appeals to find my ruling to have been in error; such an appellate ruling might consist only of a determination that New Jersey drivers might be employees, but a trial is needed.

Such a ruling would be followed by a likely FedEx Ground motion to decertify the class (seeking to exclude drivers who hired others to handle routes and arguing that "full time" drivers would be too difficult to identify), a remand to the district court in New Jersey, and a need to overcome defenses FedEx Ground didn't need to raise at the summary judgment stage (FedEx Ground had succeeded on some of those defenses in other states). If the plaintiffs prevailed at trial, FedEx Ground would likely appeal. Before the settlement, then, the class needed to string together victories in many skirmishes, beginning with a reversal in the court of appeals. The position of an appellant is not one of strength. And receipt of any money by any plaintiffs would be a long time off, well beyond the eleven years already invested in this litigation.

The plan for giving notice of the proposed settlement, and the third party administrator's execution of the plan, are detailed thoroughly in the papers supporting the plaintiffs' motions, and comply with the preliminary approval order, Federal Rule of Civil Procedure 23(e), and 28 U.S.C. § 1715.


## B. Objections to the Proposed Settlement

All seven New Jersey class representatives and at least 19 other class members object to the fairness of the settlement agreement. The court also received 24 documents that appear to be photocopies or photographs of objections. They lack original signatures and appear to have been mailed by a third party, from the same location, on the same date. [3:05-cv-595, Doc. No.

247] All 24 of these objections simply log their support for the class representatives' objections and are identical to 18 of the other objections on file.

I granted co-lead counsel's unopposed motion for preliminary approval of the New Jersey class action settlement. Co-lead counsel notified the class members about the process for final approval of the settlement and their right to object. All seven class representatives objected to final approval of the settlement. The class representatives also pointed out an error in the notice as to the average amount of recovery for each class member under the settlement agreement and wanted the notice to indicate that the class representatives didn't approve of the settlement. I ordered re-notice to the class members, postponed the fairness hearings, and extended the objection deadlines.

The class representatives also seemed to mount a campaign to other class members to object to the settlement agreement. They sent communications to other class members explaining that co-lead counsel misstated the average settlement amount in its first notice and that they think the case is worth more than the amount for which the attorneys settled it. Attached was a form for the recipient to sign indicating that she objects to the settlement amount, and that if class representatives don't agree with the settlement, then she won't agree either. Co-lead counsel asked me to enjoin the class representatives from circulating these forms, but I declined to do so.

Before addressing the fairness of the settlement agreement, the class representatives raised the threshold issue of whether a settlement agreement that all class representatives oppose, that awards no damages under one of the

class members' claims, and that arguably undervalues the remaining claims, could be valid. I rejected this threshold concern as related only to the issue of the fairness of the agreement. I also denied the class representatives' request for discovery into the settlement process.

The class representatives raise two potential problems with the settlement. Co-lead counsel settled the class's claims under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq., for nothing. The class representatives argue that this was a strong claim that would have entitled the class to treble damages and attorneys' fees. Second, they argue that the class counsel undervalued the rest of the claims when it settled them for 55 percent of their potential return.

The number of objectors in this case, particularly the objection of all class representatives, is also a red flag that supports the court conducting a close look into the assumptions underlying the settlement agreement. *See* Eubank v. Pella Corp., 753 F.3d 718, 721 (7th Cir. 2014); Mirfasihi v. Fleet Mortg. Co., 356 F.3d 781, 785 (7th Cir. 2004); Manual for Complex Litigation (Fourth) § 21.642 (2004).

### 1. Valuation of the New Jersey Consumer Fraud Act Claim

The class representatives first argue that co-lead counsel undervalued the class' claims under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq., when it settled those claims for nothing.

Co-lead counsel say that the likelihood of success on these claims was negligible. They argue that the Court of Appeals for the Third Circuit already decided that the NJCFA applies to consumers only, which would eliminate any

protection for the drivers. *See* J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp., 31 F.3d 1259 (3d Cir. 1994) (holding that the NJCFA was designed to protect consumers, not those acquiring businesses, and so the law doesn't apply to franchisees). In weighing the settlement value of this claim, co-lead counsel thought that if the Seventh Circuit Court of Appeals held that the New Jersey drivers were misclassified, it would reverse my grant of summary judgment for FedEx, and I would then remand the case back to the federal district court in New Jersey. That court would then be bound by the Third Circuit's decision in *J & R*, which wouldn't allow the drivers an NJCFA claim.

The class representatives argue that in the years since *J & R*, a New Jersey state appeals court deviated from *J & R* to conclude that the NJCFA includes transactions held out to the public generally, which they say would include the FedEx drivers. The federal district court in New Jersey wouldn't be rigidly bound to the Third Circuit decision, the class representatives say, but instead would be obliged to guess at how the New Jersey Supreme Court would decide, and could be swayed by this development.

The class representatives might be right about what the transferor court could do. The Third Circuit's decision only represents its best guess at the time as to how the New Jersey Supreme Court would rule on a question of state substantive law. *See* Comm'r v. Bosch, 387 U.S. 456, 465 (1967); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). If the state appellate courts' interpretation has evolved since the Third Circuit's decision, the new appellate court decisions create more data points to guide the district court's guess as to the New Jersey

Supreme Court's likely opinion. *See* <u>Scadron v. City of Des Plaines</u>, 734 F. Supp. 1437, 1452 (N.D. Ill. 1990) ("[T]his Court is not bound to rigidly follow the Seventh Circuit's result [on a question of state law] . . . , but before it may depart from the precedent it must be convinced that subsequent events would lead the Seventh Circuit to reach a differing result today."); <u>Allstate Ins. Co. v. Menards, Inc.</u>, 285 F.3d 630, 635 (7th Cir. 2002) ("If the mandate of *Erie* is to be satisfied and the law ultimately employed is to be the law of the state, the federal court, exercising its authority to hear diversity cases, must make a predictive judgment as to how the supreme court of the state would decide the matter if it were presented presently to that tribunal.").

Even if the class representatives are correct that the New Jersey federal district court could rule contrary to the Third Circuit on this question of state law, that doesn't mean it would do so. A single intermediate appeals court decision pointing to a contrary interpretation doesn't mean there's much chance the federal district court would be swayed to depart from the persuasive rationale of its own federal appeals court, and that that federal appeals court would agree with that departure once appealed.

*J & R* thoroughly analyzes New Jersey Supreme Court and Appellate Division opinions. In particular, it relies on two New Jersey Supreme Court opinions for the proposition that "although the Consumer Fraud Act does not define the term 'consumer' or contain an explicit 'retail restriction,' it was intended to protect persons engaging in 'consumer' transactions, not those acquiring businesses." <u>J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.</u>,

31 F.3d at 1272 (discussing <u>Daaleman v. Elizabethtown Gas Co.</u>, 390 A.2d 566 (N.J. 1978) and <u>Kugler v. Romain</u>, 279 A.2d 640 (N.J. 1971)). It's not a far leap for the Third Circuit to rely on these cases, among other Appellate Division cases, to conclude that the only time the law protects businesses is when a business "finds itself in a consumer oriented situation, such as when it acts as the purchaser of a tow truck, as the purchaser of a yacht, or as the purchaser of computer peripherals." <u>Id</u>. at 1273 (internal citations of myriad Appellate Division cases omitted). Relying on more state court precedent, the court goes on to conclude "that even where franchises or distributorships are available to the public at large in the same sense as are trucks, boats or computer peripherals, they are not covered by the Consumer Fraud Act because they are businesses, not consumer goods or services. They never are purchased for consumption." <u>Id</u>. at 1274. Under *J & R,* FedEx drivers fall outside the protections of the NJCFA because they aren't purchasing routes as consumers.

The class representatives rely on <u>Kavky v. Herbalife International</u>, 820 A.2d 677 (N.J. Super. Ct. App. Div. 2003) as intervening precedent that the New Jersey federal district court (and then the Third Circuit) might use to change its mind as to how the New Jersey Supreme Court would interpret the NJCFA. *Kavky* still carves out "substantial and complex commercial transactions" from the NJCFA, but makes sure that the NJCFA covers transactions "offered to the general public," such as "pyramid sales schemes, and similar mass public frauds." <u>Kavky v. Herbalife Int'l of Am.</u>, 820 A.2d at 679-680. The theory under

*Kavky* would be that FedEx offered contracts for various delivery routes to the general public, the drivers entered into them, and so the NJCFA protects them.

I needn't decide whose interpretation better predicts how the New Jersey Supreme Court would rule. What matters is that co-lead counsel had good reason to assume that the federal court that would have to answer the question on remand would almost certainly follow the Third Circuit's *J & R* precedent. That's what has happened in other cases decided in the District of New Jersey. *See* Shogen v. Global Aggressive Growth Fund, Ltd., No. 04-5695, 2007 WL 1237829, at *8 n.7 (D.N.J. April 26, 2007) (holding that the court's obligated to follow *J & R*, not *Kavky*); Ramada Worldwide Inc. v. Sayo, Inc., No. 05-5506, 2007 WL 7754199, at *6 n.11 (D.N.J. July 10, 2007) (following *J & R* over *Kavky*); Trans USA Prods., Inc. v. Howard Berger Co., No. 07-5924, 2008 WL 3154753 (D.N.J. Aug. 4, 2008) (agreeing with *J & R* over *Kavky*); In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, No. 2:06-cv-5774, 2009 WL 2043604, at *31-32 (D.N.J. July 10, 2009) (holding that the court is obligated to follow *J & R*, not *Kavky*); Wingate Inns Int'l, Inc. v. P.G.S., LLC, No. 09-cv-6198, 2012 WL 3550764, at *9 (D.N.J. Aug. 16, 2012) (following *J & R* over *Kavky*); Wingate Inns Int'l, Inc. v. Swindall, No. 12-248, 2012 WL 5252247, at *4 (D.N.J. Oct. 23, 2012) (following *J & R* and distinguishing *Kavky* as "carv[ing] out a narrow exception to the rule delineated in *J & R Ice Cream*"); Robinson v. Wingate Inns Int'l, Inc., No. 13-cv-2468, 2013 WL 6860723, at *4 (D.N.J. Dec. 20, 2013) (holding that the court is obligated to follow *J & R*, not *Kavky*); Yogo Factory Franchising, Inc. v. Ying, No. 13-630, 2014 WL 1783146, at *11 (D.N.J.

May 5, 2014) (holding that the court's obligated to follow *J & R*, not *Kavky*); <u>Kumon N. Am. v. Timban</u>, No. 13-4809, 2014 WL 2812122, at *10 (D.N.J. June 23, 2014) (following *J & R* over *Kavky*). No New Jersey district court opinion follows *Kavky* over *J & R*.

Co-lead counsel had good reason to think the New Jersey federal district court would follow *J & R* if the case was ever remanded there, and that the Third Circuit would follow its own rationale in *J & R* if appealed there. *See* <u>Debiec v. Cabot Corp.</u>, 352 F.3d 117, 131 (3d Cir. 2003) (holding that the appeals court is bound by its own prior case-law guessing an issue of state law notwithstanding new, contradictory state appellate court precedent). A single new intermediate appellate court decision likely wouldn't change that. It was reasonable for co-lead counsel to believe its likelihood of success on the NJCFA claim is negligible and to settle it for nothing.

### 2. Valuation of the Remaining Claims

Next, the class representatives argue that co-lead counsel undervalued the class's remaining claims when it settled them for $25.5 million, or about 55 percent of what co-lead counsel thought to be the maximum amount achievable. I granted summary judgment for FedEx based on my reading that the New Jersey class members are independent contractors. Several years later, the New Jersey Supreme Court changed its employee classification test for purposes of the Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 to -4.14. <u>Hargrove v. Sleepy's, LLC</u>, 106 A.3d 449 (N.J. 2015).

Before *Hargrove*, it was ambiguous what test governed relations under the WPL. The New Jersey Supreme Court used the multi-factor "right to control" test from the Restatement (Second) of Agency § 220 to address issues of vicarious liability. *See* Carter v. Reynolds, 815 A.2d 460, 464 (N.J. 2003). I applied that test when granting summary judgment to FedEx and dismissing the class' claims. But then in *Hargrove*, the New Jersey Supreme Court explicitly adopted the "ABC" test used in the state's Wage and Hour Law, N.J. Stat. Ann. § 43:21-19(i)(6), for WPL claims. Hargrove v. Sleepy's, 106 A.3d at 463.

The class representatives are certain that the New Jersey class members are employees after *Hargrove*, and so the settlement should have reflected much more than a 55 percent chance of success on the merits. Had the class's appeal continued, they believe the court of appeals would have been obliged to follow Hargrove and to conclude the drivers were employees.

Co-lead counsel doesn't disagree with the class representatives that the court of appeals would likely deem the drivers employees under *Hargrove* and the "ABC" test. Instead, co-lead counsel believes that adoption of the "ABC" test could lead to other consequences that would undermine the New Jersey class' claims, supporting a 45 percent discount at settlement.

First, co-lead counsel argues that following the "ABC" test could have led to decertification of the class, based on my refusal to certify claims in other states that applied similar tests. For example, I declined to certify the Montana class, which was governed by an "AB" test similar to New Jersey's "ABC" test. Whether the employer controls the work of the driver was a question that couldn't be

resolved on the contract alone. I said, "neither unanimity of perception nor uniformity are hallmarks of individual drivers' experiences. Something very close to a driver-by-drive analysis will be needed." The common question of the effect of the Operating Agreement didn't predominate over the individualized issues under Montana law (as I saw it) and so I didn't certify the Montana class. Fed. R. Civ. P. 23(b)(3). The proposed Illinois class action might have required a similarly individualized analysis and so I declined to certify a class there.

In addition to the class' appeal from the grant of summary judgment, FedEx Ground conditionally cross-appealed my certification of the New Jersey class. Applying *Hargrove*'s "ABC" rule to the New Jersey class opened up an individualized inquiry that might have advanced each driver's claims on the merits, but could easily have destroyed the class in the process. As class counsel weighed the possibilities, the likelihood of destroying the class justified a steep enough discount to support settling the remaining claims for 55 percent of their maximum value.

Class counsel and the class representatives seem to believe that the likelihood of the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c)(1), preempting the class' claims, is modest, even if significant enough to justify discounting the claim further. Co-lead counsel didn't elaborate greatly on it, but also explained that the WPL could allow FedEx to deduct various costs from driver's wages, such as the cost of uniforms and insurance policy premiums, which could have significantly reduced the amount of damages available to the class. The risk of destroying the class justified the substantial

16

discount on its own, so I don't need a ballpark estimate of the risk of preemption or deductions on top of it.

"[A]n assessment of the likely complexity, length and expense of the litigation" is also valuable to assessing a settlement agreement. <u>Synfuel Techs., Inc. v. DHL Express (USA) Inc.</u>, 463 F.3d 646, 653 (7th Cir. 2006). This case has been in litigation for about 12 years. Even if the class representatives' rosy projections about their likelihood of success are correct, it could take years more for our court of appeals to rule on both the alleged misclassification and class certification, only for the case, if class counsel succeeds, to be remanded for further litigation. The preemption defense and various deductions already mentioned, as well as defenses to the rescission claim, haven't even been briefed, and would take time to resolve. There's great value in being able to bring these proceedings to a close after years of vigorous litigation without clear end in sight.

The class representatives don't have veto power over the settlement. *See* <u>In re Gen. Motors Corp. Engine Interchange Litig.</u>, 549 F.2d 1106, 1128 n.34 (7th Cir. 1979); <u>Charron v. Wiener</u>, 731 F.3d 241, 253 (2d Cir. 2013). That all of the class representatives objected gives the court pause to examine why co-lead counsel might have agreed to settling on terms that left them all dissatisfied. But class counsel had good reason for their assumptions. Almost all of the other objectors didn't raise independent arguments, but backed the class representatives' objections, so their objections don't require additional analysis.

Last, the class representatives urge me to allow discovery into the settlement process to examine the bases for class counsel's assumptions about

the strength of the class members' claims. As I explained in the order on the underlying validity of the settlement agreement:

> [T]o get discovery, the class representatives must first "lay[ ] a foundation by adducing from other sources evidence indicating that the settlement may be collusive." <u>Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.</u>, 834 F.2d 677, 684 (7th Cir. 1987); Manual for Complex Litigation, supra, § 21.643. Besides their own allegations that co-lead counsel was self-dealing, class representatives don't point to anything that actually shows it. As mentioned, a knee-jerk rejection to a fee-shifting arrangement might only inhibit collusion. <u>In re Gen. Motors Corp. Engine Interchange Litig.</u>, 549 F.2d at 1130. Without foundation to support a finding of collusion, discovery won't proceed.

[3:05-md-527, Doc. No. 3004]. There's still no evidence that co-lead counsel colluded with FedEx to prepare a settlement that undersold the interests of the class members. I won't allow any discovery on this issue.

Class counsel's assumptions were reasonable and there's no evidence to support opening the settlement process up to discovery.

### 3. George Ponzoni's Objection

Class member George Ponzoni objected to the settlement, arguing that his estimated compensation is too low. He believes he should be compensated for uniform rental, which he says FedEx now pays for; insuring his cargo and truck; truck purchase and maintenance; decals; and damaged deliveries. The extent to which Mr. Ponzoni might be entitled to compensation for these expenses under New Jersey law was built into the compromise settlement under the Wage Payment Law and common law claims. This was a compromise that prevented years of additional litigation and the possibility of not recovering anything. Mr.

Ponzoni also objects to not being compensated for health and welfare benefits. These claims are still being litigated and negotiated.

### 4. Conclusion on Fairness

Every settlement is a compromise, but this settlement achieves a tremendous percentage of what the plaintiffs might have won had the case ever reached trial. In the absence of settlement, the best case scenario for the class is probably complex, would very likely take many more years, and is certain to be expensive – perhaps more than what has been incurred to get to this point. There is objection, but in the discussion just concluded I decided that objectors' arguments have little impact on the fairness determination. There is no indication or suggestion of collusion. Based on all of this, I find that the proposed settlement is fair, reasonable and adequate.

### III. ATTORNEY FEES

Plaintiffs' co-lead counsel seek an award of attorney fees of $7,650,000 from the settlement amount. Our court of appeals favors the percentage-of-the-fund fee in common fund cases because it provides the best hope of estimating what a willing seller and a willing buyer seeking the largest recovery in the shortest time would have agreed to *ex ante*. *See* In re Synthroid Marketing Litig., 325 F.3d 974, 979-980 (7th Cir. 2003). As co-lead counsel calculate, that would be 30 percent of the $25.5 million settlement fund. As I understand the law of

this circuit, I must take another step or two before I can identify determine attorney fees.

In Redman v. RadioShack Corp., 768 F.3d 622, 630 (7th Cir. 2014), the court of appeals explained that if we simply divide the gross settlement figure by the attorney fee request, we saddle the class members with the costs of administration, which benefit the attorneys as well as the class members. Accordingly, the court explained, "[t]he ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." Id.

In their memorandum in support of their motion for final approval, co-lead counsel expect the $25,500,000 class settlement fund to be allocated and distributed this way: about $17,430,000 to the class; $7,650,000 (if I award what counsel seek) for attorney's fees and costs; $60,000 to the third-party administrator for settlement administration; $15,0000 (if I award what counsel seek) in service fees for each of the 7 named class representative who sat for depositions in this action; and about $255,000 (1 percent of the settlement) for a reserve fund for later payments to any self-identified class members.

The affidavit of the third-party administrator's representative in support of the motion, however, estimates about $69,145 needed for settlement administration [Doc. No. 2955]. The exhibit attached to the settlement agreement itself estimates only about $55,605 for settlement administration [Doc. No. 2705-8]. I will base the amount withheld for administrative costs on the third-party administrator's estimates, and will authorize payment up to $75,000 for the cost

of settlement administration, to provide an adequate buffer for any additional costs that may be incurred. The service fees and the reserve fund would go to class members, so the total going to class members plus the requested attorney fees (and costs) would be $25,425,000. A 30 percent fee, as calculated in accordance with *Redman v. RadioShack*, would be $7,627,500.

The objectors in the New Jersey case filed a motion to treat all of the settlements as an aggregated "megafund," and award much lower percentages for attorney fees across the board. At the fairness hearing, counsel for New Jersey objectors didn't persuade me that the New Jersey objectors have standing to object to proposed settlements in cases to which they aren't parties. I am denying their requests to treat these cases as a single "megafund," but the ruling and its reasoning are to be found only in the opinion and order in the New Jersey case – the case in which the objectors have standing.

The Manual for Complex Litigation reports that in deciding an award of attorney fees, courts should consider the size of the fund to be shared by the attorneys and class members; the number of class members who will share; any understandings on attorney compensation methods actually reached at the outset of the attorney-client relationship; any side agreements class counsel might have made; any objections by class members; the attorneys' skill and efficiency; the litigation's complexity and duration; the risks of nonrecovery and nonpayment; the amount of time reasonably devoted to the case by counsel (a factor not favored in our circuit); and awards in similar cases. Manual for Complex Litigation (Fourth) § 14.121 (2004). Guides to determining a prevailing

21

market rate include comparable contracts, data from large common-pool cases where fees were privately negotiated, and information on class-counsel auctions. In re Synthroid Marketing Litig., 264 F.3d at 712, 719-722 (7th Cir. 2001). I must bear in mind that the greater the fee award, the lower the recovery by each class member. Redman v. RadioShack, 768 F.3d at 629. In evaluating these factors, I have relied on the convincing affidavit of Professor Brian T. Fitzpatrick, as well as the rest of the record in this case.

## A. The Megafund Objection

The class representatives object to the fee request, contending that the settlements in these cases should be viewed holistically as a single settlement for some $243 million, and settlements of that size are treated as a "megafund" from which attorneys should receive a lower percentage than they would for smaller recoveries. As Professor Rubenstein explained the principle, "The mega-fund approach holds that courts should award lower fee percentages in large fund cases." 5 William B. Rubenstein, Newberg on Class Actions § 15:81, at 300 (5th ed. 2016).

Co-counsel object to the class representatives' effort to create a megafund, as do several of the classes in the companion cases. To fully implement the objectors' theory, the fee award would have to be lowered (by roughly two-thirds) in each of the other cases on limited remand to me. I asked the objectors' counsel at the fairness hearing how the New Jersey objectors have standing to seek reduction of fee awards in cases in which they aren't parties; the strongest

response is that Rule 23 places a responsibility on me to evaluate the fairness (and reasonableness of the fee award) of each case's settlement, and the objectors are pointing out a reason why those settlements should be considered unfair. The premise of that argument is indisputable. *See* Fed. R. Civ. P 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate."). But that doesn't mean I can listen to the opinion of every stranger to the case who might find himself in my courtroom.

The objecting New Jersey class representatives have no standing to be heard on the reasonableness of the fee requests made in conjunction with the other 19 settlements. *See* Fed. R. Civ. P. 23(h)(2) ("A class member, or a party from whom payment is sought, may object to the motion."). For that reason, my rulings in the other cases in this MDL docket don't address the merits of the megafund argument.

The argument remains in this case: if this is a case to which the megafund theory applies, I can reduce the New Jersey settlement attorney fees and expenses accordingly, even if the fee awards in the other cases remain unaffected.

But there is no megafund here. Although these cases all find themselves centralized in a single multi-district litigation docket, they haven't been consolidated. There are 20 different district court docket numbers, 20 different complaints governed by the laws of 20 different states, 20 different class certifications, 20 different summary judgment decisions, 20 different notices of

appeal, 20 different appellate docket numbers. There were 20 different mediations. Both parties to those mediations brought individual valuations based on the facts and state law of each. Had those mediations been unsuccessful, there would have been appellate briefing in 19 more cases.

A glance at the other settlements shows the individuality of each negotiation. Setting aside Kansas (the only case with a judicial determination in the drivers' favor), the weekly compensation for driving more than 35 hours ran from as high as $83.83 in Indiana and $76.49 in Minnesota to as low as $12.91 in Texas and $14.48 in Georgia (for New Jersey drivers, the rate was near the high end, at $72.39). The weekly compensation for driving between 16 and 35 hours ran from as high as $29.54 in Indiana and $25.34 in New Jersey to as low as $4.52 for Texas and $6.25 for South Carolina. The average individual recovery ranged from Indiana's $25,722 (higher even than Kansas) and West Virginia's $22,306 to Georgia's $3,840 and Alabama's $5,620. A state's class of drivers' place on these spectra roughly reflect the favorability of that state's laws.

An order from the JPML centralizing cases under 28 U.S.C. § 1407 doesn't consolidate the cases; it reflects the Panel's determination that centralization during the pretrial period will be more economical and convenient for the parties than leaving them in a number of districts. A transferee court's order consolidating the cases so that a filing or discovery in one is deemed a filing or discovery is all is a far cry from making a single case of many. These cases were centralized under one umbrella but remained individual cases governed by the laws of individual states.

24

Our court of appeals – the court that remanded this case for settlement approval and would review my fairness determination – has rejected the concept behind the "megafund" theory:

> We have held repeatedly that, when deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time. . . . We have never suggested that a 'megafund rule' trumps these market rates, or that as a matter of law no recovery can exceed 10% of a 'megafund' even if counsel considering the representation in a hypothetical arms' length bargain at the outset of the case would decline the representation if offered only that prospective return.

In re Synthroid Marketing Litig., 264 F.3d 712, 718 (7th Cir. 2001) (citations omitted). The class representatives referenced this case in their brief, and even quoted the first sentence of this quotation, though not the last.

This isn't a single megafund case and our court of appeals hasn't recognized the megafund as a separate concept when determining the reasonableness of a common fund fee request. I decline to treat the settlement of this New Jersey case as a piece of the settlements of the cases remaining in this docket, and so a megafund.


## B. The Tapered Fee Method

The New Jersey class representatives argue that even if their megafund theory is rejected, I should apply a sliding scale, or tapered fee, approach to determining the attorneys' share of the common fund.

In some settings, the prevailing market rate for class counsel depends in part on the expected size of the payout at the end of the litigation. Professor

Fitzpatrick concedes that his sample of awards in labor and employment class actions didn't include recoveries in large amounts. In the setting of a securities class action, the court of appeals said "[d]ata show that 27.5% is well above the norm for cases in which $100 million or more changes hands. Eisenberg and Miller find that the mean award from settlements in the $100 to $250 million range is 12% and the median 10.2%." Silverman v. Motorola Solutions, Inc., 739 F.3d 956, 958 (7th Cir. 2013).

The size of the class action settlement is much smaller than the $200 million involved in *Silverman*. But it blinks reality to ignore that while this case was settled individually, it's one of 20 that remain on the MDL docket, and if aggregated, the 20 proposed settlements total more than $200 million, and far more when counting cases that have already been remanded. The remanded California case settled for $226.5 million on its own. *See* Alexander v. FedEx Ground Package Sys., Inc., No. 05-cv-38, 2016 WL 3351017 (N.D. Cal. June 15, 2016). There's no doubt that much of the discovery behind these cases overlapped, and that co-lead counsel applied a concerted strategy in moving them to settlement. On the other hand, class counsel applied laws specific to New Jersey and conducted case-specific discovery. The settlement I am considering at this point only involves the New Jersey plaintiffs and fees.

*Silverman v. Motorola Solutions* doesn't present an apples-to-apples analysis. First, Professor Fitzpatrick points out that securities cases like *Silverman v. Motorola Solutions* differ from wage and hour litigation in many ways, not least of which that class certification in securities cases is nearly

automatic under today's laws. In *Tofaute v. FedEx Ground*, as with all the other cases in this MDL docket, class counsel fought hard to get large classes certified, and (at the time of the settlements) would have seen those certifications revisited in every case in which they prevailed at the court of appeals.

Second, it's not clear that the *Silverman v. Motorola Solutions* analysis applies, or applies fully, to our case. As already noted, the settlement amount in this case – the *Tofaute v. FedEx Ground* case – isn't even in the ballpark of what was involved in *Silverman v. Motorola Solutions*; I have to look at many other cases even to reach the $50 million amount the *Silverman* court also mentioned.

It's also not clear whether I am expected, or even allowed, to consider the nature of the plaintiffs involved in a case. Our court of appeals has suggested that at least when individual plaintiffs can expect only infinitesimal recoveries, "named plaintiffs are usually cat's paws of the class lawyers, In re Trans. Union Corp. Privacy Litigation, 629 F.3d 741, 744 (7th Cir. 2011). This is not such a case, and the objecting class representatives can't be described as cat's paws of the class counsel. The plaintiffs in *Silverman* were investors in Motorola; the class representatives were institutional investors. Silverman v. Motorola, Inc., No. 07-C-4507, 2012 WL 1597388, at *4 (N.D. Ill. May 7, 2012). Institutional investors are likely to be more sophisticated in the market for legal services than the individual drivers in this case, and so likelier to agree at the outset to a tapered fee arrangement rather than a simple percentage-of-the-recovery arrangement.

Third, even with plaintiffs who are sophisticated in the market for legal services, Professor Fitzpatrick explains that the market usually does not support downward-tapering arrangements: large, sophisticated corporate clients often take the opposite approach, increasing fees as the size of the award grows to create incentive to pursue even the most difficult dollars.

Fourth, if I am to consider the other settlements in this MDL docket, it seems appropriate to consider as well that many of the named plaintiffs agreed at the outset to pay the attorney 33 percent of any recovery, and some agreed to pay as much as 40 percent, without limitation as to how much the recovery might be. None of the class representatives in the 20 cases remanded to me have fee agreements for any percentage less than 30 percent. There is no evidence of tapering in this 'market.'

## C. Double Dipping; Reasonableness of Request

Finally, the objectors argue that there was too much overlap between this case (and others) for a 30 percent fee award to be reasonable. They point to the efforts of Judge Chen in the *Alexander* case in the Northern District of California to discount the fee award to reflect that overlap. But *Alexander* throws little light on our issue. The settlement in *Alexander* exceeded the settlements in these 20 cases combined, invoking the rationales behind the megafund and tapered fees theories. The law of the Ninth Circuit is also more favorable to a megafund theory than the Seventh Circuit, and expressly rejects the Seventh Circuit's effort to

conceive of a reasonable *ex ante* market rate. *See* <u>Vizcaino v. Microsoft Corp.</u>, 290 F.3d 1043, 1049 (9th Cir. 2002).

*Alexander* reminds us that an overlap of services is something that must be considered, but it doesn't tell us what to do with it. The overlap might be among the reasons co-lead counsel ask for a 30 percent award rather than the more commonly seen 33 percent. There might have been more overlap than a 3 percent reduction would account, but any effort to quantify the overlap any further would be no better than reaching into a hat to draw a different number.

There is a significant spillover between the 20 cases remaining in MDL-1700. It seems certain that the objectors couldn't have settled for 55 percent of what they could for on their best day at trial had co-lead counsel not gotten a favorable ruling from the Kansas Supreme Court, <u>Craig v. FedEx Ground Package Sys., Inc.</u>, 335 P.3d 66 (Kan. 2014), and a reversal of my ruling when the federal court of appeals got the case back. <u>In re FedEx Ground Package Sys., Inc., Employment Practices Litig.</u>, 792 F.3d 818 (7th Cir. 2015). It seems equally certain that all the drivers in these 20 cases that remain in the MDL docket would have gotten less by way of settlement had the Ninth Circuit Court of Appeals not decided in favor of California drivers and Oregon drivers, <u>Alexander v. FedEx Ground Package Sys., Inc.</u>, 765 F.3d 981 (9th Cir. 2014); <u>Slayman v. FedEx Ground Package Sys., Inc.</u>, 765 F.3d 1033 (9th Cir. 2014), or if the Eighth and Eleventh Circuit Courts of Appeal hadn't found the drivers from Missouri and Florida to be entitled to trials. *See* <u>Gray v. FedEx Ground Package Sys., Inc.</u>, 799 F.3d 995 (8th Cir. 2015) (Missouri law); <u>Carlson v. FedEx Ground Package</u>

Sys., Inc., 787 F.3d 1313 (11th Cir. 2015) (Florida law). Those cases were part of the trend in the law that seemed to be shifting away from FedEx Ground's legal position, and the New Jersey class benefitted from it. The depositions co-lead counsel took of FedEx Ground's national officers produced information that applied to all of the cases.

But the spillover might be less than it appears at first blush. Substantial discovery surrounded local dispatch terminals, and the lion's share of the briefs on class certification and summary judgment were devoted to the specific laws of the various states.

There no doubt was some overlap of the work in those states and the work for the New Jersey class. At least some of the overlap of which the drivers complain no doubt was wastefully duplicative, but some of the overlap produced more generous settlements for drivers in all states, including New Jersey. These circumstances make it impossible to devise an arithmetic adjustment to co-lead counsel's fee request. I will, then, consider the reasonableness of their request while keeping in mind that there was significant overlap of the work co-lead counsel performed for each of the classes, including the New Jersey class.

### D. The Megafund Briefs

Before I turn away from the objectors' principal arguments, a little more comment on their argument is appropriate. The objectors' briefs on the attorney fee petition contain a variety of accusatory words directed at co-lead counsel: "sleight of hand"; "efforts to misdirect this Court"; "red-handed double dipping";

"this nefarious approach". The use of such language mystifies me: it doesn't persuade, it doesn't add credibility to the rest of the argument, and it serves to reduce even further the esteem with which public sees the legal profession.

Still more troubling is the following suggestion, for which no evidence at all was cited in the briefs or at the fairness hearing: "Further, there is nothing in the record that indicates that the $243 million was not an agreed upon number by FedEx that only then had to be distributed to each of the MDL cases." [Doc. No. 3021, at 5 n.2]. When the objectors filed the brief that contained that statement, the record already contained affirmations of all 3 co-lead counsel, filed almost 6 months earlier, explaining the negotiations with no suggestion of a pre-approved bottom line. The record also contained the affirmation of Beth Ross, one of the co-lead counsel, filed about 6 weeks before the objectors' briefs, explaining the negotiating process. The record also contained the affidavits of the 2 objectors who had participated in the mediation session; their affidavits provided no support for the objectors' brief's suggestion.

Strong advocacy is one thing; accusing an opponent of unethical conduct is another. *Pro hac vice* admission in MDL-1700 required that counsel certify having read the Seventh Circuit's Rules of Civility. I urge counsel for the objectors to refresh their familiarity with those Rules.

E. Reasonableness of the 30 Percent Request for Attorney Fees and Expenses

The sheer number of objections amounts to a red flag that demands I examine the request more carefully. I have no information that any side agreements are involved, and the attorneys involved as co-lead counsel are very capable and experienced in wage and hour litigation (and they faced very capable and experienced attorneys that FedEx Ground hired). The size of the settlement fund is $25,425,000 after the third party administrator is paid, and up to 901 class members will share in the recovery.

The named plaintiffs and their attorneys agreed at the outset of the litigation that counsel would be compensated with 30 percent of any recovery.

The duration of the litigation has been far greater than usual – this case is nearly 12 years old. In part, that duration reflects this case's having been co-mingled with the other cases in the MDL docket – it would have taken a judge in the District of New Jersey far less time to resolve class certification issues and summary judgment motions under New Jersey law than it took me to decide such things under the laws of 40 or so states – but it also reflects the complexity and risk involved. This class attacked FedEx Ground's business model, which was firmly grounded on the principle of using independent contractors rather than employees. The class members had a lot at stake, as shown by the damages expert's opinion that the class might recover nearly $47 million if everything broke for the plaintiffs. This was no nuisance suit or likely coupon settlement. A hard battle was predictable from day one.

32

The attorneys handled this case on a pure contingent fee basis. Whatever investment they made in discovery and briefing of class certification and summary judgment motion was made largely between 2005 and 2008 – 11 years ago, give or take a year. That's much longer than average for contingent fee attorneys in class actions, according to Professor Fitzpatrick.

The plaintiffs faced legal challenges they needed to overcome to establish their employee status and obtain meaningful damages. I discussed the issues surrounding the claims under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq., the New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 to -4.14, and the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §14501(c)(1) in Part II-B of this opinion. There was no directly favorable New Jersey precedent to support the common law claims. They faced (and overcame) a challenge in obtaining certification of a statewide class that included drivers with single routes, drivers with multiple routes, drivers who hired others to handle a route, drivers who signed employment contracts and those who signed as corporate entities. So while the plaintiffs' bar generally views wage and hour cases as undesirable, Mr. Tofaute and his fellow drivers presented challenges that went well beyond the normal wage and hour case. The risk of non-liability and no compensation was great; these plaintiffs were in the court of appeals trying to reverse a finding of no-liability.

With all of that in their way, class counsel – armed primarily by a new direction in Kansas law and a few federal court of appeals decisions in cases the Panel remanded to transferor courts – achieved a truly remarkable result. FedEx

Ground agreed to pay $25.5 million, reflecting over half of what the plaintiffs' damages expert thought they could recover if they ran the table.

Professor Fitzpatrick's analysis of recent cases from our circuit – which seems to have a greater preference than other circuits for the percentage-of-the-fund method of valuation – supports a fee award of 30 percent of the fund to be shared by counsel and class members. He reports that the average and median findings of market rate in contingent fee awards in labor and employment cases were 34.3 percent and 33.3 percent. He also noted that the awards he studied addressed only attorney fees and not expenses; co-lead counsel have included expenses within their requests. Plaintiffs' counsel report that expenses incurred in the MDL docket (not just in the New Jersey case) exceeded $7,713,000.

A lodestar cross-check – inquiring into billable hours and billing rates – isn't encouraged in this circuit, *see* Williams v. Rohm & Haas Pension Plan, 658 F.3d 629, 638 (7th Cir. 2011); Cook v. Niedert, 142 F.3d 1004, 1013 (7th Cir. 1998), and I'm not undertaking such a cross-check. A very complex examination of time sheets, hourly rates in various markets, and records would be needed to arrive at a true lodestar figure for this case alone. Co-lead counsel report, just in case, that across this litigation (not just this case), co-lead counsel and their firms have devoted more than 149,393 hours, producing an unadjusted collective lodestar fee of $74,540,341 had they billed by the hour. It would take only a modest 1.3 multiplier, co-lead counsel tell me, for the lodestar calculation to match the percentage-of-the-fund calculation across the litigation.

The objectors' arguments about the overlap of services provided to the various classes would add another dimension to any attempted lodestar calculation and check. In *Alexander v. FedEx Ground*, for example, Judge Chen attributed about $12.4 million in lodestar work on the MDL to *Alexander*. *See* <u>Alexander v. FedEx Ground</u>, No. 05-cv-38, 2016 WL 3351017, at *3 (N.D. Cal. June 15, 2016). This would need to be subtracted out of co-lead counsel's estimated lodestar figure for the MDL, but the fee award in that case is on appeal and might be adjusted. The fee award is unpaid. Fee awards in other remanded cases total $6,304,893, and I would need to deduct the amount of fees expected to be paid in those that can be attributed to work on cases still in the MDL. I don't have an accurate way to calculate the denominator from which I can then derive a multiplier.

For me to count up, or assign weight to, the various points I have discussed (effectively transforming them into "factors") would be inconsistent with the law of our circuit. It would be what our court of appeals has called "chopped salad". <u>In Re Synthroid Marketing Litig.</u>, 264 F.3d 712, 719 (7th Cir. 2001). But these are the reasons I conclude that the requested 30 percent (after accounting for the costs of administration) produces a reasonable attorney fee:

1. At the outset of the attorney-client relationship, it would have been plain to the clients and attorneys that this litigation would be hard fought and would take years. FedEx Ground's very business model was at stake, and, if the class was defined broadly, the drivers would have hundreds of thousands – maybe millions – at stake. The history of this

case – what would have been the future at the outset of the relationship – was even worse, with the case being centralized in a multidistrict litigation docket, the extensive discovery already discussed, and a decade of litigation, and no end in sight that would benefit the plaintiffs.

2. Because of the anticipated duration of the case, it also would have been plain to all that the attorneys would have to turn away prospective clients and tie up their own funds for the life of the case.

3. Counsel produced exceptional results in the face of long odds. New Jersey law provided no assurance of success, and these plaintiffs were appellants at the time of the settlement. *See* <u>Redman v. RadioShack</u>, 768 F.3d at 633 ("the central consideration is what class counsel achieved for the members of the class rather than how much effort class counsel invested in the litigation.").

4. The amount of recovery would have been a fraction of what this settlement proposal contains had counsel not persuaded me to certify a class that included drivers with a single work area, drivers with multiple work areas, drivers who contracted with FedEx Ground under a corporate identity, and drivers who simply hired others to cover some of their assigned routes.

5. Of the 20 fee contracts in the cases that remain in MDL-1700, none set a percentage of the recovery less than the 30 percent requested here, and some set the percentage at one-third of any recovery.

6. There is nothing from which I can infer that unsophisticated (in the market for legal services) clients – when compared with institutional plaintiffs – would request a tapered-fee arrangement.

7. The fee request, unlike those to which it might be compared, includes expenses rather than seeking them separately. While I can't say how much is attributable to the New Jersey case as opposed to the others co-lead counsel was handling, the overall total of expenses was $7.7 million.

For all of these reasons, I approve, in large part, the proposed settlement agreement's proposed award of attorneys' fees and expenses, in the total amount of $7,627,500 (30 percent of the gross settlement amount, less the cost of administration).

## IV. Service Awards to Class Representative

Class counsel request service awards of $15,000 to each of the 7 named plaintiffs. They explain that (in addition to the extraordinary duration of their service) the class representatives did far more than the average class representatives. Reams of records had to be collected, the class representatives sat for grueling day-long depositions. Class counsel notes that the requested awards are in line with several that have been approved in cases from within this circuit, citing Cook v. Niedert, 142 F.3d at 1016 ($25,000); In re Southwest Airlines Voucher Litig., No. 11 C 8176, 2013 WL 4510197, at *11 (N.D. Ill., Aug. 26, 2013) ($15,000 to 2 plaintiffs); Heekin v. Anthem, Inc., No. 05-cv-1908, 2012

WL 5878032 at *1 (S.D. Ind. Nov. 20, 2012) ($25,000); <u>Am. Int'l Grp., Inc. v. ACE</u> <u>INA Holdings, Inc.</u>, No. 07 C 2898, 2012 WL 651727, at *17 (N.D. Ill. Feb. 28, 2012); ($25,000 to each of 7 plaintiffs); <u>Will v. Gen. Dynamics Corp.,</u> Civ. No. 06-698, 2010 WL 4818174, at *4 (S.D. Ill. Nov. 22, 2010) ($25,000 to 3 plaintiffs). No objections were directed to this request.

The request for $15,000 service awards for each of the seven class representatives is just, fair and reasonable.

## V. CONCLUSION

Based on the foregoing, the court:

(1)  OVERRULES the objections of Mr. Ponzoni, the seven class representatives, and all others filed.

(2)  GRANTS IN PART the plaintiffs' unopposed motion for final approval of the New Jersey class action settlement calling for payment of $25,500,000 to the plaintiffs [Doc. No. 2952].

(3)  DENIES as moot the plaintiffs' earlier motion for final approval [Doc. No. 2869].

(4)  GRANTS IN PART the plaintiffs' motion for attorney's fees and costs [Doc. No. 2782]; AWARDS Patrick Carrigan, Frank Cucinotti, Michael Kilmartin, Francis Dennis Lynch, David McMahon, Thomas Mikulski and Michael Tofaute each $15,000 for their services in this case; DIRECTS payment of that amount from the settlement fund to them, in accordance with the terms of the settlement

agreement; and AWARDS plaintiffs' counsel $7,627,500 for their services on this case.

(5) ORDERS that:

A. The parties shall perform, or cause to be performed, the remaining terms of the settlement as set forth in the settlement agreement. The court authorizes the payment by the settlement administrator of the settlement funds in accordance with the terms of the settlement agreement.

B. Prior timely opt-outs on the list maintained by the claims administrator are not included in, or bound by, this order and final judgment. Those timely opt-outs are not entitled to any recovery from the settlement proceeds obtained through this settlement.

C. The court hereby DISMISSES with prejudice this action, specifically including the Released Claims, with each party to bear its own costs and attorney's fees, except as provided below. The court incorporates the Class Action Settlement Agreement [Doc. No. 2705-1] by reference in this order.

As set forth in the Settlement Agreement, "Released Claims" means all claims, actions, causes of action, administrative claims, demands, debts, damages, penalties, costs, interest, attorneys' fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, which: (i) are owned or held by the plaintiffs and class members and/or by their affiliated business entities (if any), or any of them, as against Releasees, or any of them; (ii) arise under any statutory or common law claim which was asserted in this lawsuit or, whether or not asserted, could have

39

been brought arising out of or related to the allegations of misclassification of plaintiffs and class members as independent contractors set forth in the operative complaint; and (iii) pertain to any time in the Release Period. The Released Claims include any known or unknown claims for damages and injunctive relief. The Released Claims include but are not limited to claims under The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., the New Jersey Wage Payment law, N.J.S.A. 34:11-4.1 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201, and common law claims for fraud, breach of contract, rescission, unjust enrichment, or declaratory judgment. The release excludes claims arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. Further definitions of "Released Claims" can be found in Sec. I, para. S of the Settlement Agreement [Doc. No. 2705-1].

"Releasees" means: "(a) [FedEx Ground], and its consolidated subsidiaries, successors, predecessors, assigns, affiliates, parent companies, shareholders, officers, directors, agents, insurers, attorneys, and employees; and (b) [FedEx Ground's] past, present, and future shareholders, officers, directors, agents, employees, attorneys, and insurers." (Settlement Agreement, Sec I, para. T). "Release Period" refers to the time period from May 19, 1999 through April 30, 2016. (Settlement Agreement, Sec. I, para. U). [Doc. No. 2705-1].

D. Upon the entry of this order, the plaintiffs and all class members shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all Releasees. "Class members" include "All persons who: 1) entered into a FedEx Ground or FedEx Home Delivery form

Operating Agreement (now known as form OP-149 and Form OP-149-RES); 2) drove a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) from May 19, 1999 through October 15, 2007 to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the state of New Jersey." [Doc. No. 2705-1]. A list of the class members is attached to this order as Exhibit A. To the extent additional individuals are identified who qualify as class members under the terms of the settlement agreement, they will be bound by this order.

E. Upon the entry of this final approval order, the plaintiffs and all class members are barred and enjoined from asserting, filing, maintaining, or prosecuting, or in any way participating in the assertion, filing, maintenance or prosecution, of any action asserting any Released Claim against any of the Releasees, as set forth in and in accordance with the terms of the settlement agreement. Nothing in this order shall in any way impair or restrict the right of the parties to enforce the terms of the settlement.

F. The Parties' agreed upon procedure for disbursement of the $255,000 reserve fund provided for in the Settlement Agreement and the Plaintiffs' Motion for Final Approval [Doc. No. 2952], with such claims to be paid approximately 220 days after checks are issued to pay the claims of persons who fit the class definition but who were not previously identified as members of the plaintiff class according to the settlement formula described in the Settlement Agreement, is APPROVED.   FedEx Ground will submit a list containing the names of such

persons within 220 days of this order; this list will supplement the class member list attached as Exhibit A and such persons will be bound by this order.

G. The parties' request for appointment of Legal Services of New Jersey, P.O. Box 1357, Edison, NJ 08818-1357 to be the *cy pres* beneficiary is APPROVED.

H. Neither the settlement, nor any act performed or document executed pursuant to or in furtherance of the settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of any Releasee; (b) an admission or concession by the plaintiff or any class member of any infirmity in the claims asserted in the operative complaint filed in this action; (c) an admission of, or evidence of, any fault or omission of any of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

I. The third-party administrator, Rust Consulting, Inc., may retain up to $75,000 as compensation for settlement administration.

J. Without affecting the finality of this judgment in any way, the court retains continuing jurisdiction over: (1) the enforcement of this order and final judgment; (2) the enforcement of the settlement agreement; (3) the distribution of the settlement proceeds to the class members and the *cy pres* beneficiary; and (4) class counsel's proposed allocation of attorney's fees to plaintiffs' counsel to be submitted to the court.

The clerk of this court is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:  April 28, 2017

  /s/ Robert L. Miller, Jr.  
Judge
United States District Court

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 1 | 10000014 | ANDREOLI, GIACOMO C | A 2 B DELIVERY LLC | A2B EXPRESS CORP | | |
| 2 | 10000021 | NEVRUZ, ABDULLAH | SILPAGAR INC | | | |
| 3 | 10000038 | HIMES, ADAM | | | | |
| 4 | 10000045 | BURGOS, ADIEL B | AB77 INC | | | |
| 5 | 10000052 | RODRIGUEZ, ADRIANA | | | | |
| 6 | 10000069 | CATALANO, GIACOMO | AGMC ENT | AGMC ENTERPRISES | | |
| 7 | 10000076 | AHERN, DONALD E | AHERN INC | | | |
| 8 | 10000083 | VANYO, ALAN | MAJIC EXPRESS INC | | | |
| 9 | 10000090 | HOPKINS, ALBERT | | | | |
| 10 | 10000106 | SLENDZOKA, ALBINAS | | | | |
| 11 | 10000113 | TAPIA, ALEXANDER | | | | |
| 12 | 10000120 | RAPOZO, ALEXIS MANUEL | ALEXPRESS LLC | | | |
| 13 | 10000137 | HUBER, ALFONS | | | | |
| 14 | 10000144 | ALTIMIRANDA, ALFREDO | | | | |
| 15 | 10000151 | PRIOLO, ANTHONY | | | | |
| 16 | 10000168 | ARZUNIAN, LEON | AVAL INC | | | |
| 17 | 10000175 | SCHNEIDER, JONATHAN | BAM EXPRESS 5 INC | | | |
| 18 | 10000182 | LUBERTO, BENJAMIN | | | | |
| 19 | 10000199 | BORGES, ANDERSON | BORGES TRANSPORTATION | | | |
| 20 | 10000205 | WYMAN, BRADLEY | | | | |
| 21 | 10000212 | BRANEG TRUCKING CORP | BRANEG TRUCKING CORP | | | |
| 22 | 10000229 | BRUCK, BRENDA | | | | |
| 23 | 10000236 | MCLAUGHLIN, BRIAN CHRISS | J&B DELIVERY LLC | MAC HAULING INC | | |
| 24 | 10000243 | MACDONALD, BRIAN V | | | | |
| 25 | 10000250 | EUFEMIA, BRUCE | METONE CORPORATION | | | |
| 26 | 10000267 | GENTILE, BRYAN GENE | | | | |
| 27 | 10000274 | WILCOX, BRYAN | | | | |
| 28 | 10000281 | LEE, BYUNG | BS LEE, INC | | | |
| 29 | 10000298 | CORTEZ, CAIRO | | | | |
| 30 | 10000304 | ALVAREZ, CARLOS | | | | |
| 31 | 10000311 | NAULAGUARI, CARLOS F | CFNV CORP | | | |
| 32 | 10000328 | GARCIA, CARLOS | | | | |
| 33 | 10000335 | ROZO, CARLOS J | | | | |
| 34 | 10000342 | COLOMA, CARLOS M | | | | |
| 35 | 10000359 | CARROLL, DOUGLAS ALAN | CARROLL TRUCKING | JKM TRANSPORT, INC | | |
| 36 | 10000366 | VIRGIL, CARL K | CASSR INC | | | |
| 37 | 10000373 | DURAND, CHARLES R | CHARLES DURAND INCORPORATED | | | |
| 38 | 10000380 | WADE, CHARLES | | | | |
| 39 | 10000397 | MIRANDA, CHRISTIAN JUSTIN | KAD CORPORATION | | | |
| 40 | 10000403 | SMITH, CHRISTIAN M | | | | |
| 41 | 10000410 | DAVISON, CHRISTOPHER | | | | |
| 42 | 10000427 | MIRASOLA, CHRISTOPHER | | | | |
| 43 | 10000434 | SCOTT, CHRISTOPHER | | | | |
| 44 | 10000441 | WYATT, CHRISTOPHER OLIVER | CHRYSHEL LLC | | | |
| 45 | 10000458 | CARMODY, CRAIG | CJ'S P&D INC | | | |
| 46 | 10000465 | BENNETT, CLINTON | | | | |
| 47 | 10000472 | SYKES, CONROY | | | | |
| 48 | 10000489 | WEISS, PAUL | CRACK OF DAWN LOGISTICS LLC | | | |
| 49 | 10000496 | CORALES, DANIEL A | D CORALES DELIVERY LLC | D CORALES DELIVERY INC | | |
| 50 | 10000502 | FERNANDEZ, DANGER | | | | |
| 51 | 10000519 | DRUMMOND, DANIEL | DOUBLE D TRUCKING INC | | | |
| 52 | 10000526 | JANKOWSKI, DANIEL | D W J TRANSPORTATION INC | | | |
| 53 | 10000533 | MICHEL, DANIEL JUNIOR | | | | |
| 54 | 10000540 | ORTS, DARLENE | | | | |
| 55 | 10000557 | GRANATO, DARRIN J | | | | |
| 56 | 10000564 | DOYLE, DAVID | | | | |
| 57 | 10000571 | LOHOFF, DAVID | SCRABBLETOWN INC | | | |
| 58 | 10000588 | PARMEGIANI, DAVID | | | | |
| 59 | 10000595 | ROMANO, DAVID | | | | |
| 60 | 10000601 | DIPACE, DEAN | | | | |
| 61 | 10000618 | DEGROOT, JASON | DEGROOT INC | T D N  INC | | |
| 62 | 10000625 | STEPHENS, MARC T | DENMARC INC | | | |
| 63 | 10000632 | BOWDEN, DENNIS A | BOWDEN'S EXPRESS, INC | | | |
| 64 | 10000649 | COOPER, DENNIS ALAN | DENNISCOOP CORPORATION | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 65 | 10000656 | GAUNTT, DENNIS | | | | |
| 66 | 10000663 | LOTA, DAVID G | DGL ENTERPRISES INC | | | |
| 67 | 10000670 | VENTURA, DOMINGO | | | | |
| 68 | 10000687 | SMITH, DON | | | | |
| 69 | 10000694 | CIRCELLI, DONATO | | | | |
| 70 | 10000700 | THOMPSON, EDMIL | | | | |
| 71 | 10000717 | GIST, EDWARD | | | | |
| 72 | 10000724 | STEWARD III, EDWARD JAMES | EDWARD STEWARD CORPORATION | | | |
| 73 | 10000731 | HAGAN, EDWIN | | | | |
| 74 | 10000748 | ORENGO, ELMER H | | | | |
| 75 | 10000755 | GONZALEZ, EMILIO | | | | |
| 76 | 10000762 | LUDWIG, ESTHER | ERL INC | | | |
| 77 | 10000779 | MARCELINO, ERNESTO PONS | E MARCELINO CORPORATION | | | |
| 78 | 10000786 | MEDINA, ERVIN | NJ DELIVERY EXPRESS | MEDINA GLOBAL INNOVATION CORP | | |
| 79 | 10000793 | BROWN, EUGENE F | | | | |
| 80 | 10000809 | KHAN, AMIR | KHAN INC | | | |
| 81 | 10000816 | GLEMBOCKI, ANTHONY J | | | | |
| 82 | 10000823 | LAWSON, WILLIAM | ASW LOGISTICS, LLC | SONBY CORP | | |
| 83 | 10000830 | GIFFORD, DREW L | | | | |
| 84 | 10000847 | NEAL, ERNEST | | | | |
| 85 | 10000854 | LEE, EUN S | WIJUS TRANSPORT INC | | | |
| 86 | 10000861 | GOMEZ, FELIX E | | | | |
| 87 | 10000878 | PEREZALBALADEJO, GUILLERMO | FINASRIN INC | | | |
| 88 | 10000885 | SULEIMAN, AYMAN T | AA EXPRESS LLC | | | |
| 89 | 10000892 | ILIC, ALEKSANDAR | | | | |
| 90 | 10000908 | KARGBO, ALEX | | | | |
| 91 | 10000915 | BILEN, ALI | JONALL TRUCKING LLC | DALI TRANSPORTATION, INC | | |
| 92 | 10000922 | HALL JR , ROBERT E | ALYROB INC | | | |
| 93 | 10000939 | ASSAF, AHMAD OMAR | AMSX INC | | | |
| 94 | 10000946 | MARAGOTO, ANDRES L | | | | |
| 95 | 10000953 | ARENA, ANDREW | DARENA, INC | | | |
| 96 | 10000960 | CRONIN, ANDREW | | | | |
| 97 | 10000977 | BRUNO, ANTHONY | | | | |
| 98 | 10000984 | DISERIO, ANTHONY | APD TRUCKING INC | | | |
| 99 | 10000991 | BRYANT, ARTHUR | | | | |
| 100 | 10001004 | GOMES, AVERALDO | | | | |
| 101 | 10001011 | ELSAKKA, AYMAN | NEW JERSEY EXPRESS INC | | | |
| 102 | 10001028 | BALUYOT JR, GERARDO | BALUYOT SERVICES | | | |
| 103 | 10001035 | CONDON JR , BOB VINCENT | RVC TRUCKING INC | | | |
| 104 | 10001042 | BOMTEMPO, MARIO LUCIO | BOMTEMPO CLEANING CORP | MLDB EXPRESS CORP | | |
| 105 | 10001059 | KEEGAN, BRIAN | KEEGAN TRUCKING INC | | | |
| 106 | 10001066 | SCHROB, BRIAN L | SCHROB CORP | | | |
| 107 | 10001073 | GANN, BRUCE | | | | |
| 108 | 10001080 | BENNEWITZ, BRYAN | | | | |
| 109 | 10001097 | CARRERA, GERARDO | J A  CARRERA SERVICES INC | | | |
| 110 | 10001103 | FULCO, CARL | | | | |
| 111 | 10001110 | SCHAFFER, CARLON | CARPAT TRANSPORTATION INC | | | |
| 112 | 10001127 | IRIZARRY, CARLOS | C I  DISTRIBUTORS, INC | | | |
| 113 | 10001134 | CUBAS, CESAR A | | | | |
| 114 | 10001141 | COVINGTON, CHARLES | | | | |
| 115 | 10001158 | IRIZARRY, CHUVANO | | | | |
| 116 | 10001165 | OBREGON, WILLIAM M | COISCO EXPRESS SERVICES CORP | WAF EXPRESS | WAF EXPRESS CORPORATION | |
| 117 | 10001172 | WATSON, COLLIN C | COLLIN WATSON PICK UP & DELIVERY SERVICE INC | | | |
| 118 | 10001189 | RANDALL, COURTNEY EDWARD | | | | |
| 119 | 10001196 | KAUFMAN, CARL I | CRVN LLC | | | |
| 120 | 10001202 | ACOSTA, DANIEL | DACOSTA SERVICES | DACOSTA SERVICES INC | | |
| 121 | 10001219 | MROCZKOWSKI, DANIEL | MROCZKOWSKI TRUCKING INC | | | |
| 122 | 10001226 | MCMAHON, DAVID A | | | | |
| 123 | 10001233 | SALTER, DAVID | | | | |
| 124 | 10001240 | SHELL, DAVID | | | | |
| 125 | 10001257 | STEARLEY, DAVID | STEARLEY, INC | | | |
| 126 | 10001264 | NOON, DENNIS J | MARLTON GROUND INCORPORATED | | | |
| 127 | 10001271 | PALMIERI, DENNIS | | | | |
| 128 | 10001288 | CARVAJAL, DIDIER | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 129 | 10001295 | HAS, YUSUF | DILARA SHIPPING LLC | DILARA SHIPPING CORPORATION | | |
| 130 | 10001301 | START, DOUGLAS A | | | | |
| 131 | 10001318 | HENSAS SR , EDMUND ANTHONY | | | | |
| 132 | 10001325 | CAULFIELD JR , EDWARD T | EDEX INCORPORATED | | | |
| 133 | 10001332 | PETERS, EDWARD F | | | | |
| 134 | 10001349 | GIL, EDWARD | | | | |
| 135 | 10001356 | CALIXTE, EDY | | | | |
| 136 | 10001363 | ESPOSITO, ANTHONY | ELITE DEVELOPMENT PARTNERS, LLC | | | |
| 137 | 10001370 | DUZGUN, ERCAN | DUZGUN TRUCKING INC | | | |
| 138 | 10001387 | KHALIL, FADI | FADI'S EXPRESS | FADI EXPRESS CORPORATION | | |
| 139 | 10001394 | LENZ, SCOTT | FOCUS ENTERPRISES LLC | | | |
| 140 | 10001400 | RAJABI, FOUAD | FOUAD'S TRANSPORT CORP | | | |
| 141 | 10001417 | DIAZ, FRANCISCO | | | | |
| 142 | 10001424 | GOTAY, FRANCISCO | | | | |
| 143 | 10001431 | ALFONSO, FRANK | ALFONSO TRUCKING | BULK TRUCKS INC | | |
| 144 | 10001448 | CUCINOTTI, FRANK | | | | |
| 145 | 10001455 | HAUN, FRANK | FFH LOGISTICS INC | | | |
| 146 | 10001462 | SCHIOPPO, FRANK | | | | |
| 147 | 10001479 | ULLOA, FREDDY | DEIZY ENTERPRISES CORPORATION | | | |
| 148 | 10001486 | SELMECI, GABOR | GABOTRANS LLC | SELTRANS CORPORATION | | |
| 149 | 10001493 | VAIDY, GANGADHAR | | | | |
| 150 | 10001509 | LLOYD, EVERAL | GARDEN STATE COURIER INC | GARDEN STATE DEL  & LOGISTICS | | |
| 151 | 10001516 | JARRETT, GARTH | JARRETT'S EXPRESS, INC | | | |
| 152 | 10001523 | BILLUPS, GARY | | | | |
| 153 | 10001530 | CUNNINGHAM, GLENFORD | GDC TRANSPORT CORPORATION | | | |
| 154 | 10001547 | GABEL, GENE B | GBG TRUCKING INCORPORATED | | | |
| 155 | 10001554 | CRACCO, GENNARO | | | | |
| 156 | 10001561 | COUTERMARSHJR, GEORGE C | | | | |
| 157 | 10001578 | DARKO, GEORGE | | | | |
| 158 | 10001585 | PONZONI, GEORGE W | | | | |
| 159 | 10001592 | ORTEGA, GERARD R | | | | |
| 160 | 10001608 | WAIGUCHU, GITONGA | | | | |
| 161 | 10001615 | GLEESON, EDWARD | GLEESON DISTRIBUTIONS INC | | | |
| 162 | 10001622 | PERKINS, DARYL | GOD IS FAITHFUL INC | | | |
| 163 | 10001639 | ROPERTO, GREGG | | | | |
| 164 | 10001646 | FREEMAN, GREGORY | | | | |
| 165 | 10001653 | FOX, GREGORY J | GREGORY J  FOX INC | | | |
| 166 | 10001660 | JOSEPH, GRISETA | | | | |
| 167 | 10001677 | MONA, GUSTAVO | | | | |
| 168 | 10001684 | PATEL, HARESH R | | | | |
| 169 | 10001691 | HENRY, HARRY | | | | |
| 170 | 10001707 | STAGGS, HARRY | | | | |
| 171 | 10001714 | HASPEL, KENNETH A | HASPEL SERVICES INC | | | |
| 172 | 10001721 | AROESTE, IAN H | | | | |
| 173 | 10001738 | LUKIC, IGOR | | | | |
| 174 | 10001745 | KIAWU, ISAAC | ISAAC TRUCKING LLC | | | |
| 175 | 10001752 | FEIST, GERARD | J&L ELITE ENTERPRISES, INC | | | |
| 176 | 10001769 | JOHNSON, JACK | | | | |
| 177 | 10001776 | BROWN, JACKSON | | | | |
| 178 | 10001783 | BORDETSKY, JACOB N | | | | |
| 179 | 10001790 | GEPHART, JOEL | EASTERN GRANITE INC | JAGCOR LLC | | |
| 180 | 10001806 | RAMIREZ, JORGE A | JAM RAMIREZ LLC | | | |
| 181 | 10001813 | DUTTON JR , JAMES | | | | |
| 182 | 10001820 | HOUGH, JAMES | | | | |
| 183 | 10001837 | ISREAL, JAMES | | | | |
| 184 | 10001844 | SMITH, JAMES J | | | | |
| 185 | 10001851 | FINNEY, JAMES S | | | | |
| 186 | 10001868 | IBARRA, JAMIE | | | | |
| 187 | 10001875 | WILLIAMS, JAMIE | | | | |
| 188 | 10001882 | SUTKOWSKI, JAN | | | | |
| 189 | 10001899 | JARAMILLO, MARIO | JARAMILLO TRUCKING CORP | | | |
| 190 | 10001905 | DAINO, JASON | | | | |
| 191 | 10001912 | WOODY, JASON HARLEY | | | | |
| 192 | 10001929 | ZVOLENSKY, JASON | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 193 | 10001936 | RUIZ, JAVIER A | ANGELINNE TRANSPORTATION INC | | | |
| 194 | 10001943 | PAUCAR, JAVIER | | | | |
| 195 | 10001950 | SMARGIASSI, JEFF | | | | |
| 196 | 10001967 | ADDINO, JEFFERY J | | | | |
| 197 | 10001974 | MEYER, WILLIAM J | JENALI INC | WILLIAM MEYER LLC | | |
| 198 | 10001981 | KUAN, JERRY | | | | |
| 199 | 10001998 | TLATENCHI, JESUS | JESUS & BESSY TRANSPORTATION CORP | | | |
| 200 | 10002001 | CARDONA, JHON ALEXANDER | | | | |
| 201 | 10002018 | ENGERT, TED | JNJE INC | | | |
| 202 | 10002025 | SILVA, JOAO | JON'S TRUCKING INC | | | |
| 203 | 10002032 | JIMENEZ, JOEL | JOEL'S TRUCKING INC | | | |
| 204 | 10002049 | WOLF, JOHN B | ALPHA WOLF CORPORATION | | | |
| 205 | 10002056 | DESIMONE, JOHN | | | | |
| 206 | 10002063 | ELLEY, JOHN | | | | |
| 207 | 10002070 | FISCAL, JOHN | | | | |
| 208 | 10002087 | CARR, JOHN J | JC ALOHA TRUCKING INC | | | |
| 209 | 10002094 | PIEKARSKI, JOHN J | | | | |
| 210 | 10002100 | POST, JOHN J | | | | |
| 211 | 10002117 | MASON, JOHN | | | | |
| 212 | 10002124 | PROSS, JOHN MATTHEW | | | | |
| 213 | 10002131 | PALUGHI, JOHN | | | | |
| 214 | 10002148 | SALIBA, JOHN | | | | |
| 215 | 10002155 | STAFFORD, JOHN | | | | |
| 216 | 10002162 | TARQUINO, JOHN | | | | |
| 217 | 10002179 | WALLACE, JOHN | | | | |
| 218 | 10002186 | NAVAS, JORGE | | | | |
| 219 | 10002193 | ORMENO, JORGE | KIAISMA SERVICE INC | | | |
| 220 | 10002209 | GOMEZ, JOSE ALBERTO | GOMEZ FLASH SERVICES INC | LILI-ANGE SERVICE INC | | |
| 221 | 10002216 | LEZCANO, JOSE LUIS | | | | |
| 222 | 10002223 | VELAZQUEZ, JOSE M | | | | |
| 223 | 10002230 | MANUEL, JOSE | | | | |
| 224 | 10002247 | OSORIO, JOSE MANUEL | JOSE M OSORIO INC | V AND J'S TRUCKING INCORPORATED | | |
| 225 | 10002254 | GARCIA, JOSE MISAEL | E&M GARCIA LLC | M & G GARCIA CORP | | |
| 226 | 10002261 | PADILLA, JOSE | | | | |
| 227 | 10002278 | SERRANO, JOSE | | | | |
| 228 | 10002285 | BARTOLOMEI, JOSEPH | JOE BART, INC | | | |
| 229 | 10002292 | COLLINS, JOSEPH F | J  COLLINS TRANSFER INCORPORATED | | | |
| 230 | 10002308 | LUIPERSBECK, JOSEPH G | | | | |
| 231 | 10002315 | EVANOFF JR , JOSEPH M | HAICO INC | | | |
| 232 | 10002322 | TREGL, JOSEPH M | J T TRUCKING INC | | | |
| 233 | 10002339 | OWENS, JOSEPH | | | | |
| 234 | 10002346 | DELUCIA, JOSEPH R | | | | |
| 235 | 10002353 | SANTARSIERO, JOSEPH | | | | |
| 236 | 10002360 | SMASHEY SR , JOSEPH NORMAN | SMASH N DASH DELIVERIES | | | |
| 237 | 10002377 | NEWTON, JOSHARIF | S N  TRUCKING INC | | | |
| 238 | 10002384 | OBREGON, JOSHUA | | | | |
| 239 | 10002391 | ORE, JUAN E | | | | |
| 240 | 10002407 | HONG, JUNG | | | | |
| 241 | 10002414 | LUKOMSKI, GREG | K & G SHIPPING LLC | G&K SHIPPING INC | | |
| 242 | 10002421 | GHERARDI, KENNETH A | KAG DISTRIBUTION SERVICES LLC | KG2 SERVICES INC | | |
| 243 | 10002438 | FUNG, KAM TING | FUNG & CO  INC | | | |
| 244 | 10002445 | TOZUN, KAMIL | | | | |
| 245 | 10002452 | MATHERS, KAREN P | | | | |
| 246 | 10002469 | SCHUCKER, KARL | | | | |
| 247 | 10002476 | CARTER, WILLIAM | K B  CARTER INC | | | |
| 248 | 10002483 | KEARNEY, STEVE | KEARNEY & ASSOCIATES INC | ALREADY GONE INCORPORATED | | |
| 249 | 10002490 | SICKNICK, KEN | | | | |
| 250 | 10002506 | HARRIS, KEVIN | | | | |
| 251 | 10002513 | HUSSEY, KEVIN | | | | |
| 252 | 10002520 | GREENJACK, KEVIN J | | | | |
| 253 | 10002537 | BADWAN, KHALED | CALDWELL TRANSIT INC | | | |
| 254 | 10002544 | KANESKY, KIMBERLY | | | | |
| 255 | 10002551 | PERICCIUOLI, KIRK | KWP TRUCKING INC | | | |
| 256 | 10002568 | KISH, FRANK | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 257 | 10002575 | DAVILA, EDWIN | KIWI EXPRESS | | | |
| 258 | 10002582 | KOZUCH, KRZYSZTOF | JAKPOL TRANSPORT LLC | JAKPOL SERVICES CORP | | |
| 259 | 10002599 | MIODUSZEWSKI, KRZYSZTOF | | | | |
| 260 | 10002605 | FERNANDEZ, SAMUEL | LA&S TRANSPORT | | | |
| 261 | 10002612 | SPENCER, HERBERT | LABASH TRANSPORTATION LLC | LABASH TRANSPORTATION, INC | | |
| 262 | 10002629 | SULLIVAN, LARRY ALLEN | | | | |
| 263 | 10002636 | MCCAFFERTY, LARRY | | | | |
| 264 | 10002643 | DECKER, LAURIE BETH | | | | |
| 265 | 10002650 | FERMIN, LEANDRO | | | | |
| 266 | 10002667 | GONZALEZ, LEONARDO F | GONZALEZ TRANSPORTATION SERVICE LLC | L & Y GONZALEZ INC | | |
| 267 | 10002674 | KERSAINT, LESLY | | | | |
| 268 | 10002681 | LEKA, ZAB | LEX EXPRESS INC | | | |
| 269 | 10002698 | CROSTA, SCOTT M | LEXCO INC | | | |
| 270 | 10002704 | FORMAN, STEVEN | LEXJON TRUCKING LLC | LEXJON TRUCKING INC | | |
| 271 | 10002711 | ARCINIEGAS, LIBARDO | | | | |
| 272 | 10002728 | BROCK, LOUIS J | L J BROCK INC | | | |
| 273 | 10002735 | PEDALINO, LOUISIII | LP3 SERVICES LLC | | | |
| 274 | 10002742 | AREIZA, LUIS | | | | |
| 275 | 10002759 | ACEVEDO, LUIS F | FERNANDO EXPRESS | | | |
| 276 | 10002766 | ROCHA, LUIS | | | | |
| 277 | 10002773 | PINHEIRO, LUIS HENRIQUE | LUPI SERVICES | LUPI SERVICES CORPORATION | | |
| 278 | 10002780 | KHALIL, SAM A | LUTFI FEDEX GROUND LLC | | | |
| 279 | 10002797 | GONZALEZ, LYNDON | | | | |
| 280 | 10002803 | DAVIS, LYNNE E | | | | |
| 281 | 10002810 | SOLORZANO, MACK ARTHUR | SOLORZANO TRUCKING INC | | | |
| 282 | 10002827 | RUOCCO, ANTHONY | M A N  TRUCKING INC | | | |
| 283 | 10002834 | COSTA, MANUEL FILIPE | | | | |
| 284 | 10002841 | VELASQUEZ, MANUEL H | | | | |
| 285 | 10002858 | PUJOLS, MANUEL | | | | |
| 286 | 10002865 | GLORIANDE, MARCALLYN P | | | | |
| 287 | 10002872 | LOPEZ, MARIA | | | | |
| 288 | 10002889 | PADILLA, MARIO | | | | |
| 289 | 10002896 | HUSTED, MARK D | | | | |
| 290 | 10002902 | CONSTANTINO, MARK J | | | | |
| 291 | 10002919 | KENNEDY, MARK | | | | |
| 292 | 10002926 | LAVILLA, MARK S | MRL TRANSPORT INC | | | |
| 293 | 10002933 | SCHUMANN, MARK | | | | |
| 294 | 10002940 | KENNEY, MARTIN | MARTIN KENNEY TRUCKING LLC | | | |
| 295 | 10002957 | GALLIANO, MARK | MASM INC | | | |
| 296 | 10002964 | TREML, MATTHEW ANTHONY | QIK DELIVERY INC | | | |
| 297 | 10002971 | BARTLETT, GREGORY M | MAXTRANS LLC | MAXXPRESS CORP | | |
| 298 | 10002988 | BATIR, MEHMET AKIF | EAST EX CORP | EASTEX CORPORATION | | |
| 299 | 10002995 | AYDOGAN, MEHMET | | | | |
| 300 | 10003008 | BALDWIN, MICHAEL MARTIN-LAWRENCE | | | | |
| 301 | 10003015 | DEAS, MICHAEL | | | | |
| 302 | 10003022 | LEPORE, MICHAEL THOMAS | LEPORE'S TRUCKING | | | |
| 303 | 10003039 | SARY, MICHAEL J | | | | |
| 304 | 10003046 | JENKINS, MICHAEL JAMES | | | | |
| 305 | 10003053 | KEYS, MICHAEL | | | | |
| 306 | 10003060 | KILMARTIN, MICHAEL | | | | |
| 307 | 10003077 | KOHLHEPP, MICHAEL | | | | |
| 308 | 10003084 | LEIDERMAN, MICHAEL | | | | |
| 309 | 10003091 | LEONE, MICHAEL | | | | |
| 310 | 10003107 | LOUIS, MICHAEL | | | | |
| 311 | 10003114 | MCKENZIE, MICHAEL | | | | |
| 312 | 10003121 | MCMULLEN, MICHAEL | | | | |
| 313 | 10003138 | MORGAN, MICHAEL | | | | |
| 314 | 10003145 | MASTRO, MICHAEL R | | | | |
| 315 | 10003152 | ROMANCHAK, MICHAEL | | | | |
| 316 | 10003169 | SCHOETTLER, MICHAEL | | | | |
| 317 | 10003176 | TOFAUTE, MICHAEL | | | | |
| 318 | 10003183 | WARD, MICHAEL | CAPTAIN COURIER, INC | | | |
| 319 | 10003190 | WASSMER, MICHAEL | | | | |
| 320 | 10003206 | CIELEMECKI, MICHAL | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 321 | 10003213 | PIERRE, MICHEL GRAND | | | | |
| 322 | 10003220 | GORGA, MIKE | | | | |
| 323 | 10003237 | MONK, MIKE | | | | |
| 324 | 10003244 | VILLANUEVA, MIKE | | | | |
| 325 | 10003251 | BLAGOJEVIC, MIROSLAV | MOAM TRUCKING INC | | | |
| 326 | 10003268 | HUSSEIN, MOHAMED | | | | |
| 327 | 10003275 | HAMEEN, MUHAMMAD TALID | LET US M U H INCORPORATED | | | |
| 328 | 10003282 | WILLIAMS, MUHAMMED | MUHAMMAD'S TRUCKING INC | | | |
| 329 | 10003299 | MAUNG, NAYLYNN | | | | |
| 330 | 10003305 | SPIRKOVIC, NEBOJSA | | | | |
| 331 | 10003312 | MEKHEIL, GEORGE R | G  M  EXPRESS CO | GM EAST COAST INC | NEW GM EXPRESS INC | CK&G TRUCKING INC |
| 332 | 10003329 | ERFE, NOEL | | | | |
| 333 | 10003336 | MALAVARCA, NORMAN | | | | |
| 334 | 10003343 | GUADAGNI, NUNZIO S | | | | |
| 335 | 10003350 | YUKSEL, OGUZHAN | | | | |
| 336 | 10003367 | COLON, OMALIEL | | | | |
| 337 | 10003374 | PEREZ, ORLANDO | ORLANDO PEREZ INC | KAP TRANSPORT INC | | |
| 338 | 10003381 | BOWEN, ORTHNEAL DANLEY | | | | |
| 339 | 10003398 | VENEGAS, OSCAR | | | | |
| 340 | 10003404 | BARLOW, PATRICIA ANN | | | | |
| 341 | 10003411 | MCHALEEOSSO, PATRICIA | | | | |
| 342 | 10003428 | BALSHEM, PAUL HARRIS | PAUL H  BALSHEM ENTERPRISES, INC | | | |
| 343 | 10003435 | FLOYD JR , PAUL WILLIAM | | | | |
| 344 | 10003442 | SATTAR, PERWEZ | PEJAYS INC | | | |
| 345 | 10003459 | WOODS, JEFFERY P | PERFORMANCE FUEL OIL CO | | | |
| 346 | 10003466 | MORGAN, PETER S | PETER MORGAN INC | | | |
| 347 | 10003473 | CAMPBELL, PHILIP | | | | |
| 348 | 10003480 | LEPERA, PHILIP R | | | | |
| 349 | 10003497 | MEANY, PHILIP THOMAS | | | | |
| 350 | 10003503 | TOSTI, PHILIP | DAP COURIER SERVICE CORPORATION | | | |
| 351 | 10003510 | WASHINGTON, PHILLIP | | | | |
| 352 | 10003527 | NIELSEN, ERIC | PIRANHA BROTHERS LLC | | | |
| 353 | 10003534 | LICSAUER, PAUL N | P-N-L TRANSPORTATION INC | P-N-L TRUCKING LLC | P-N-L TRANSPORTATION INC | |
| 354 | 10003541 | TETTYENSKY, ALEX | PRO DESIGN INC | | | |
| 355 | 10003558 | POINTKOWSKI, JOSEPH ROBERT | PT2PT LLC | | | |
| 356 | 10003565 | WARNER, ROBERT JOHN | R J WARNER LLC | RJ WARNER EXPRESS CORPORATION | | |
| 357 | 10003572 | PISAREK, RADOMIR MARCIN | | | | |
| 358 | 10003589 | BISOGNO, RALPH S | STELLATONY INC | | | |
| 359 | 10003596 | REESE, RALPH W | | | | |
| 360 | 10003602 | EYSTAD, RANDALL | J THRU W INC | | | |
| 361 | 10003619 | HALL, RANDOLPH | | | | |
| 362 | 10003626 | MASON, RANDY | | | | |
| 363 | 10003633 | DELPINO, GEORGE T | RAPTURE LOGISTICS CORP | | | |
| 364 | 10003640 | GIBBS, RASHEEN | R L GIBBS INC | | | |
| 365 | 10003657 | SEGADO, RAUL R | | | | |
| 366 | 10003664 | CHALENSKI, RAYMOND | | | | |
| 367 | 10003671 | FORTINO, RAYMOND | | | | |
| 368 | 10003688 | CALVO, RAYMOND J | | | | |
| 369 | 10003695 | PAUL, RAYMOND J | RIDGEWOOD DISTRIBUTION INC | | | |
| 370 | 10003701 | MEJIAS, REY ANIBAL | | | | |
| 371 | 10003718 | SCAGLIONE, RICARDO | | | | |
| 372 | 10003725 | SINDONI, RICCARDO | | | | |
| 373 | 10003732 | RICE, RAY C | RICE INC | | | |
| 374 | 10003749 | ANICOLA, RICHARD | | | | |
| 375 | 10003756 | BAILEY, RICHARD | | | | |
| 376 | 10003763 | MURRAY, RICHARD D | RDM SERVICES | | | |
| 377 | 10003770 | DECKER, RICHARD | | | | |
| 378 | 10003787 | FARRELL, RICHARD | | | | |
| 379 | 10003794 | MOSZCZYNSKI, RICHARD FRANK | AUNT REY LLC | R&N AND SONS TRANSPORT INC | | |
| 380 | 10003800 | STERNBERG, RICHARD | RICH WORKS INC | | | |
| 381 | 10003817 | FALCONE, ROBERT A | | | | |
| 382 | 10003824 | DOUCETTE, ROBERT | | | | |
| 383 | 10003831 | BEATRICE, ROBERT J | | | | |
| 384 | 10003848 | NORBERG, ROBERT J | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 385 | 10003855 | DILLER, ROBERT JOHN | | | | |
| 386 | 10003862 | SKEHAN, ROBERT JOHN | | | | |
| 387 | 10003879 | ZINSLEY, ROBERT K | | | | |
| 388 | 10003886 | COLLETTI, ROBERT N | | | | |
| 389 | 10003893 | POLL, ROBERT | POLL TRUCKING INC | | | |
| 390 | 10003909 | PROVOST, ROBERT | | | | |
| 391 | 10003916 | RISTOSKI, ROBERT | ROMAN EXPRESS INC | | | |
| 392 | 10003923 | ROSENWEIG, ROBERT | ROBERT ROSENWEIG INC | | | |
| 393 | 10003930 | FAJGIER, ROBERT S | | | | |
| 394 | 10003947 | SANTINI, ROBERT | FIRST FRUIT DELIVERIES INC | | | |
| 395 | 10003954 | CLARK, ROBERT W | | | | |
| 396 | 10003961 | JARRELL, ROBERT WALTER | JARRELL & SONS TRUCK | RWJ TRUCKING INC | | |
| 397 | 10003978 | WARD, ROBERT | | | | |
| 398 | 10003985 | WHEELER, ROBERT | | | | |
| 399 | 10003992 | MARTINEZ, ROBERTO | | | | |
| 400 | 10004005 | ALSTON, RODNEY E | | | | |
| 401 | 10004012 | DEPAULA, RODRIGO A | | | | |
| 402 | 10004029 | LOPERA, ROGELIO | | | | |
| 403 | 10004036 | PITSKER, ROMAN | | | | |
| 404 | 10004043 | RIVERS, ROMEO R | | | | |
| 405 | 10004050 | RODRIGUEZ, ROMULO B | TRED CORP | | | |
| 406 | 10004067 | DAVIS, RON | RCD LOGISTICS, INC | | | |
| 407 | 10004074 | DESTEFANO, RONALD | | | | |
| 408 | 10004081 | THOMPSON, RANDOLPH | R TEE EXPRESS INC | | | |
| 409 | 10004098 | TRBOVICH, RUDY | SILK CITY ENTERPRISES INC | | | |
| 410 | 10004104 | ALY, SHEHATA MOHAMED | ALY LLC | S ALY CORP | S ALY CORP | |
| 411 | 10004111 | ZAPATA, FELIPE A | ITZEL 94 LLC | ITZEL 94 INC | SADDAI INC | |
| 412 | 10004128 | SAXTON, PETER | SAXTON DELIVERY SERVICE LLC | PMS DELIVERY CORP | | |
| 413 | 10004135 | CONNOR, SCOTT C | | | | |
| 414 | 10004142 | KIGER, SCOTT GLENN | | | | |
| 415 | 10004159 | STULTS, SCOTT RANDELL | MUDD CITY INCORPORATED | | | |
| 416 | 10004166 | STOKES, SCOTT | | | | |
| 417 | 10004173 | GRANIT, SCOTT THOMAS | | | | |
| 418 | 10004180 | HOFFMAN, SEAN | | | | |
| 419 | 10004197 | SENATORE, ALBERT | SENATORE TRANSPORT INC | | | |
| 420 | 10004203 | PASTORE, SERGIO J | SERGEPAT INC | | | |
| 421 | 10004210 | SEVERINO, JOAO | SF 21 CO | | | |
| 422 | 10004227 | JAMES, SIDNEY B | SIDNEY JAMES INC | | | |
| 423 | 10004234 | MARTINEZ, JESUS B | SJR SOULUTIONS LLC | | | |
| 424 | 10004241 | TRIPOLITIS, SOTIRIS | | | | |
| 425 | 10004258 | BROWN, SCOTT | STANLEASE INC | | | |
| 426 | 10004265 | VENTO, STEPHEN MICHAEL | SAND M TRUCKING LLC | MVPS TRUCKING INC | | |
| 427 | 10004272 | NUCIFORA, STEVEN MARC | | | | |
| 428 | 10004289 | OZGEN, SULTAN | | | | |
| 429 | 10004296 | KIM, SUNG MIN | | | | |
| 430 | 10004302 | SINGH, SWARN | | | | |
| 431 | 10004319 | GERMAIN, TROY D | TDG CAPITAL INC | | | |
| 432 | 10004326 | REYNOLDS, THOMAS L | | | | |
| 433 | 10004333 | LUTTMAN, THOMAS | | | | |
| 434 | 10004340 | TOPPI, THOMAS | | | | |
| 435 | 10004357 | WRIGHT, THOMAS | | | | |
| 436 | 10004364 | ZANE, THOMAS | | | | |
| 437 | 10004371 | HARUNAH, ABDUL | | | | |
| 438 | 10004388 | TURKMANI, AMIR | AHSZN INC | | | |
| 439 | 10004395 | ELTORKY, AMR | JEN TRANSIT INC | | | |
| 440 | 10004401 | SANOFF, ANDREW J | | | | |
| 441 | 10004418 | SIMONS, ANDREW | | | | |
| 442 | 10004425 | PAPIOMITIS, ANESTO | | | | |
| 443 | 10004432 | BUENO, ANGEL | | | | |
| 444 | 10004449 | FIGUEROA, ANGEL | | | | |
| 445 | 10004456 | MOSQUERA, ANIBAL | CLEVELAND TRUCKING CORPORATION | | | |
| 446 | 10004463 | NAIL, ANTHONY | | | | |
| 447 | 10004470 | OGILVIE, ANTHONY | | | | |
| 448 | 10004487 | KOCH, RICHARD | BASE RUNNER EXPRESS INC | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 449 | 10004494 | PERSAUD, BIDESH | | | | |
| 450 | 10004500 | GOMEZ, CLAUDIO ALBERTO | | | | |
| 451 | 10004517 | DINGERDISSEN, CHARLES F | CD LOGISTICS INC | | | |
| 452 | 10004524 | FRANCHINE JR , CHARLES LEON | | | | |
| 453 | 10004531 | CHUMPITAZI, CARLOS | CHUMPITAZI CORPORATION | | | |
| 454 | 10004548 | EL, CLAUDE | | | | |
| 455 | 10004555 | CABANELAS, CLAUDIO A | | | | |
| 456 | 10004562 | GRANT, CLEON | | | | |
| 457 | 10004579 | JORDAN, COREY NIEL | | | | |
| 458 | 10004586 | FOURATT, CRAIG | | | | |
| 459 | 10004593 | MCKOY, CRAIG | | | | |
| 460 | 10004609 | CUTRONA, DAVID A | D CUTRONA INC | | | |
| 461 | 10004616 | SCHER, MARC JOSEPH | DA EXPRESS LLC | AD EXPRESS INC | | |
| 462 | 10004623 | SMITH, DALKEITH L | | | | |
| 463 | 10004630 | COPELAND, DANA ERSKINE | | | | |
| 464 | 10004647 | DOUGHERTY, DANIEL | | | | |
| 465 | 10004654 | OSULLIVAN, DANIEL K | OSULLY CORP | | | |
| 466 | 10004661 | DEAL, DANIEL M | | | | |
| 467 | 10004678 | RIVERA, DANIEL | | | | |
| 468 | 10004685 | BEIHL, DARREN ANTHONY | STAGECOACH TRANSPORT INC | | | |
| 469 | 10004692 | MINNICH, DAVID | | | | |
| 470 | 10004708 | WHIRLEDGE, DAVID W | WHIRLY RIG CORPORATION | | | |
| 471 | 10004715 | DJORDJEVIC, DEJAN | | | | |
| 472 | 10004722 | DENSON, DELMAR | | | | |
| 473 | 10004739 | VEGA, DIEGO | | | | |
| 474 | 10004746 | LUCAS, DONALD | | | | |
| 475 | 10004753 | SOLOMON, DONALD | C L ALCOBA INC | | | |
| 476 | 10004760 | QUINN, DOROTHY A | | | | |
| 477 | 10004777 | BURKE, EDWARD | | | | |
| 478 | 10004784 | NKETIAH, EDWARD | | | | |
| 479 | 10004791 | CRESPO, EDWIN | | | | |
| 480 | 10004807 | VALENTIN, EDWIN | LEV TRANSPORT, INC | | | |
| 481 | 10004814 | MCMILLAN, COLEMAN | EVICON INC | | | |
| 482 | 10004821 | LEVY, EYAL | EYAL LEVY INDUSTRIES INC | | | |
| 483 | 10004838 | HILL, FLETCHER | FLETCHER HILL INC | | | |
| 484 | 10004845 | DEFEO, CHARLES | FOUR DE INC | | | |
| 485 | 10004852 | PERNICE, FRANK ALFRED | | | | |
| 486 | 10004869 | SUGLIA, FRANK | FRANK A  SUGLIA LLC | F  A  SUGLIA INC | | |
| 487 | 10004876 | ARMENTI, GARY A | | | | |
| 488 | 10004883 | HARSCH, GARY | | | | |
| 489 | 10004890 | CORDI, GARY | CORDI TRUCKING INC | | | |
| 490 | 10004906 | YUKSEL, GOKHAN | EFES EXPRESS | EFES EXPRESS II INC | | |
| 491 | 10004913 | HARRIS, GORDON | | | | |
| 492 | 10004920 | SAYLOR, GORDON | | | | |
| 493 | 10004937 | GROMYAK, TARAS | GT TRANSPORTER | T TRANSPORTER INC | | |
| 494 | 10004944 | ESCOBAR, HECTOR | HECTOR ESCOBAR TRUCKING, INC | | | |
| 495 | 10004951 | HEDIAN, JORGE F | HEDIANS TRANSPORT SERVICE | | | |
| 496 | 10004968 | MORERA, HENRY | | | | |
| 497 | 10004975 | DZENIS, INTIS | | | | |
| 498 | 10004982 | THOMAS, JOSEPH F | JF THOMAS INC | | | |
| 499 | 10004999 | OCONNOR, JAMES DENNIS | | | | |
| 500 | 10005002 | WARD, JAMES F | | | | |
| 501 | 10005019 | PUORRO, JAMES | | | | |
| 502 | 10005026 | NEMORIN, JEAN T | | | | |
| 503 | 10005033 | MARRA, JEFFREY | | | | |
| 504 | 10005040 | SMITH, JEFFREY S | | | | |
| 505 | 10005057 | YOKA, JEROMIS W | JEROMIS INC | | | |
| 506 | 10005064 | CAPERS, JESSE | | | | |
| 507 | 10005071 | ALFONSO, ALEJANDRO | JETSET EXPRESS LLC | | | |
| 508 | 10005088 | MATIAS, JIMMY | EE TRUCKING DELIVERY | ES TRUCKING DELIVERY INC | | |
| 509 | 10005095 | BUENANO, JOSE LUIS | JLB TRANSPORT LLC | JLT TRANSPORT CORP | | |
| 510 | 10005101 | SALCEDO, JOSE | J L S  SERVICE | | | |
| 511 | 10005118 | ALBANESE, JOHN | | | | |
| 512 | 10005125 | GLADDEN, JOHN | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 513 | 10005132 | ROCHFORD III, JOHN J | | | | |
| 514 | 10005149 | HILDUM, JON E | SUNRISE DELIVERY SERVICE CORPORATION | | | |
| 515 | 10005156 | STOTTLEMYER, JOHN | JONNICK INC | | | |
| 516 | 10005163 | SANTIAGO, JOSE | | | | |
| 517 | 10005170 | DUNN, JOSEPH | GET R DUNN TRUCKING INC | | | |
| 518 | 10005187 | MONDEROY, JOSHUA DELANO | J D MONDEROY INC | | | |
| 519 | 10005194 | CIARDIELLO, KARL J | | | | |
| 520 | 10005200 | WATERMASYSK, KEITH M | | | | |
| 521 | 10005217 | NUNES, KEITH | | | | |
| 522 | 10005224 | DESOUZA, KELSEI J | | | | |
| 523 | 10005231 | ROWE, KENNETH BOUVIER | | | | |
| 524 | 10005248 | CUNNIFFE, KEVIN | | | | |
| 525 | 10005255 | FORD, MICHAEL | KNS TRUCKING LLC | FORDS TRUCKING COMPANY | | |
| 526 | 10005262 | HILL, LAWRENCE JAMES | LAW HILL CORPORATION | | | |
| 527 | 10005279 | LARA, LEONARDO | | | | |
| 528 | 10005286 | REAVES, LEROY | | | | |
| 529 | 10005293 | KOZARSKI, LINDA | LINKO CO  INC | | | |
| 530 | 10005309 | ROBERSTON, LAWRENCE | LNR DELIVERY SERVICES | | | |
| 531 | 10005316 | VILLAFUERTE, LUIS A | LOU'S DELIVERY SVC LLC | | | |
| 532 | 10005323 | VICTORIA, LUDIVIA | | | | |
| 533 | 10005330 | VENEGAS, LUIS M | | | | |
| 534 | 10005347 | MARROQUIN, MARCOS | KARREL'S TRUCKING INC | | | |
| 535 | 10005354 | SIMMONS, MARK | | | | |
| 536 | 10005361 | SOJKA, MARK | | | | |
| 537 | 10005378 | THOMAS, MARLON O | THOMAS, MARLON O | MARPAL DELIVERY SERVICE INC | | |
| 538 | 10005385 | JAKIMOWICZ, MATTHEW T | M JAK TRANSPORT INC | | | |
| 539 | 10005392 | MESSINA, MICHAEL | | | | |
| 540 | 10005408 | MORINGIELLO, MICHAEL | | | | |
| 541 | 10005415 | ONEILL, MICHAEL | | | | |
| 542 | 10005422 | PRICE, MICHAEL | | | | |
| 543 | 10005439 | CAPRERA, MIKE | | | | |
| 544 | 10005446 | DAVIS, MIKE | | | | |
| 545 | 10005453 | OZGEN, MUHAMET H | | | | |
| 546 | 10005460 | ZITA, DAN | NEW JERSEY ERRAND SERVICE INC | | | |
| 547 | 10005477 | BONSANTO, NICHOLAS | | | | |
| 548 | 10005484 | MARIOTTI, NICHOLAS STEPHEN | | | | |
| 549 | 10005491 | MORALES, NICHOLAS | MORALES EXPRESS INC | | | |
| 550 | 10005507 | CARRIGAN, PATRICK | | | | |
| 551 | 10005514 | HAUGHEY, PATRICK MICHAEL | | | | |
| 552 | 10005521 | NGEI, PATRICK | | | | |
| 553 | 10005538 | WHILDEN JR , PAUL A | | | | |
| 554 | 10005545 | WINKELMAN, PAUL | PJSJW CORP | | | |
| 555 | 10005552 | PROFANATO, JAMES | PROFANATO TRANSPORT INC | | | |
| 556 | 10005569 | WHITE, WILLIAM | PULPWOOD INC | | | |
| 557 | 10005576 | LOGAN JR , RALPH W | | | | |
| 558 | 10005583 | ZUNIGA, RAMON A | RAMON ZUNIGA, INC | | | |
| 559 | 10005590 | KONOPKA, ROBERT | RHK DELIVERY LLC | | | |
| 560 | 10005606 | LUCEY, RICHARD | | | | |
| 561 | 10005613 | SNYDER, RICHARD | | | | |
| 562 | 10005620 | SUNDERLAND, RICHARD | | | | |
| 563 | 10005637 | RIVITZ, MICHAEL I | R I NO 2 CORPORATION | R I  NO  2 CORPORATION | R I  NO 2 CORPORATION | |
| 564 | 10005644 | SKIPTUNIS, RAYMOND | RMS DELIVERY LLC | MNR ENTERPRISES INCORPORATED | | |
| 565 | 10005651 | DUNLAP, ROBERT | | | | |
| 566 | 10005668 | CONOVER, ROBERT J | | | | |
| 567 | 10005675 | BAER, ROBERT S | R  S  BAER INCORPORATED | | | |
| 568 | 10005682 | HANSEN, ROBERT W | | | | |
| 569 | 10005699 | BELLO, ROBERTO | | | | |
| 570 | 10005705 | CONTRERAS, RONALD | | | | |
| 571 | 10005712 | VENEZIA, RONALD | | | | |
| 572 | 10005729 | KUNICKI, RYSZARD | RYMAK INC | | | |
| 573 | 10005736 | RIVELL, RYNE FRANK | RIVELL TRANSPORT INCORPORATED | | | |
| 574 | 10005743 | ESPOSITO, SANTOLO D | | | | |
| 575 | 10005750 | LEVINE, SCOTT | SDB TRUCKING LLC | SDB PACKAGE AND DELIVERY CORPORATION | | |
| 576 | 10005767 | NOWAK, SEBASTIAN | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 577 | 10005774 | SHEPHERD, TIMOTHY WAYNE | SHEPEXPRESS INC | | | |
| 578 | 10005781 | FILOZOF SR , JOHN | SI EXPRESS, LLC | | | |
| 579 | 10005798 | BROWN, STANLEY L | | | | |
| 580 | 10005804 | SUDIA JR , STEPHEN | | | | |
| 581 | 10005811 | KIERNAN, THOMAS | | | | |
| 582 | 10005828 | LEE, THOMAS | | | | |
| 583 | 10005835 | KAYS, THOMAS M | | | | |
| 584 | 10005842 | GRANDE, THOMAS O | | | | |
| 585 | 10005859 | FORREST, THOMAS R | FORREST TRUCKING INC | | | |
| 586 | 10005866 | REYNOSO, THOMAS | | | | |
| 587 | 10005873 | WILSON, TIM | | | | |
| 588 | 10005880 | HAGAR, TIMOTHY | | | | |
| 589 | 10005897 | HEALE, TIMOTHY | | | | |
| 590 | 10005903 | ROONEY, TIMOTHY P | | | | |
| 591 | 10005910 | SMITH, TODD | AUTUMN WIND ENTERPRISES, INC | | | |
| 592 | 10005927 | SALVO, TOM | | | | |
| 593 | 10005934 | MAKOWSKI, TOMASZ | MAK ENTERPRISE INC | | | |
| 594 | 10005941 | BARRETT, TRACI | | | | |
| 595 | 10005958 | TUNCEL, HAKAN | | | | |
| 596 | 10005965 | CLARK, TYRONE ANTHONY | | | | |
| 597 | 10005972 | COLTER, TYRONE | | | | |
| 598 | 10005989 | URREGO, JAVIER | URREGO INC | J U, INC | | |
| 599 | 10005996 | VARJABEDIAN, VAHAN THOMAS | BOX HUMPERS INC | | | |
| 600 | 10006009 | DIAZPOLANCO, VLADIMIR | VEMJ CORPORATION | | | |
| 601 | 10006016 | MIRANDA, VICENTE | | | | |
| 602 | 10006023 | GANPAT, VIJAY | | | | |
| 603 | 10006030 | GUIDO, VINCENT | | | | |
| 604 | 10006047 | IANNOTTA, VINCENT | | | | |
| 605 | 10006054 | PETRINO, VINCENT | | | | |
| 606 | 10006061 | VILLANUEVA, VIRGIL | A  V  C  EXPRESS, INC | | | |
| 607 | 10006078 | FELDMAN, VLADIMIR | | | | |
| 608 | 10006085 | BONHEUR, VORBE A | BONHEUR P & D, INC | | | |
| 609 | 10006092 | PIZARRO, WANDA | | | | |
| 610 | 10006108 | CLUGSTEN, WAYNE BARRY | | | | |
| 611 | 10006115 | KAUFHOLD, WAYNE | | | | |
| 612 | 10006122 | SCAFE, WAYNE LAWSON | | | | |
| 613 | 10006139 | PAVLINET, WAYNE MICHAEL | PAVLINET TRUCKING INC | | | |
| 614 | 10006146 | LOPEZ, MIGUEL | WHITE FLOWERS INC | | | |
| 615 | 10006153 | HEWAUITHARANA, WIJESIRI | | | | |
| 616 | 10006160 | CONVERY III, WILLIAM F | | | | |
| 617 | 10006177 | WERN, WILLIAM D | BILL W TRUCKING INC | | | |
| 618 | 10006184 | GLOWATZ, WILLIAM | | | | |
| 619 | 10006191 | DOWLING, WILLIAM | | | | |
| 620 | 10006207 | KEEGAN, WILLIAM | | | | |
| 621 | 10006214 | LAVERDE, WILLIAM | | | | |
| 622 | 10006221 | LOMBO, WILLIAM | | | | |
| 623 | 10006238 | RIESS, WILLIAM | | | | |
| 624 | 10006245 | DIPOMPO, WILLIAM S | | | | |
| 625 | 10006252 | GOMEZ, WILSON | | | | |
| 626 | 10006269 | DABNEY SR , WAYNE G | WK DISTRIBUTORS | WGD ENTERPRISES, INC | | |
| 627 | 10006276 | MICHNIK, WOJCIECH L | WO MI TRANSPORT LIMITED LIAB | WO-MI TRUCKING INC | | |
| 628 | 10006283 | YATES, MICHAEL ALAN | YATES EXPRESS LIMITED LIABILITY | M&R EXPRESS CORPORTION | | |
| 629 | 10006290 | DEYER, YILDIRIM | GRAYWOLF TRUCKING INC | | | |
| 630 | 10006306 | KIM, YONG | YKIM INC | | | |
| 631 | 10006313 | JALOUDI, FERAS | YOUNG ENTREPRENEURSHIP LLC | YOUNG ENTREPRENEUR EXPRESS CORPORATION | | |
| 632 | 10006320 | YOUNG, MICHAEL | | | | |
| 633 | 10006337 | OLIVEIRA, EDUARDO | YOUNGCREW LLC | | | |
| 634 | 10006344 | DIEPPA, ARMANDO | A  DIEPPA, INC | | | |
| 635 | 10006351 | VARAVKO, PAVLO V | AAO TRUCKING LLC | STONE AAO TRUCKING CORPORATION | | |
| 636 | 10006368 | OZBEK, ADEM | OZ TRUCKING INC | | | |
| 637 | 10006375 | WHITTAKER, ADRIAN G | | | | |
| 638 | 10006382 | NASRA, AHMAD | | | | |
| 639 | 10006399 | SIMOES, ANTONIO | AJPS ENTERPRISES INC | | | |
| 640 | 10006405 | SCHILIS, SAMUEL ROBERT | AKS TRUCKING INC | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 641 | 10006412 | SALAS, ALADINO | SALI TRUCKING INCORPORATED | | | |
| 642 | 10006429 | HYMAN, ALAN | | | | |
| 643 | 10006436 | VELASQUEZ, ALFRED V | | | | |
| 644 | 10006443 | JIMENEZ, ALFREDO | | | | |
| 645 | 10006450 | SHIRAZI, ALI | | | | |
| 646 | 10006467 | KATTAH, ALPHONSE | | | | |
| 647 | 10006474 | MALAVE, ANDY | AM'S COURIER SERVICES | | | |
| 648 | 10006481 | NUNEZ, ADRIAN A | A N  TRANSPORT LLC | | | |
| 649 | 10006498 | MELO, ANDRES B | | | | |
| 650 | 10006504 | PATENTE, ADILSON F | ANGELMINAS LLC | ANJOMINAS INCORPORATED | | |
| 651 | 10006511 | HUTNIK, ANDREW G | | | | |
| 652 | 10006528 | GINOLFI, ANIELLO | | | | |
| 653 | 10006535 | ALLMAN, ANTHONY | | | | |
| 654 | 10006542 | COGDELL, ANTHONY | FOOTWORX DELIVERY CORPORATION | | | |
| 655 | 10006559 | RUFFINO, ANTHONY | | | | |
| 656 | 10006566 | RAYMONDI, ANTONIO | | | | |
| 657 | 10006573 | TOMASSINI JR , BENJAMIN | | | | |
| 658 | 10006580 | DAVIS, BERNARD CHARLES | | | | |
| 659 | 10006597 | DEOSARAN, BINDRABAN | DEOSARAN INC | | | |
| 660 | 10006603 | HIPPLE, BRAD WARD | | | | |
| 661 | 10006610 | BOGUSZEWSKI, BRADFORD H | | | | |
| 662 | 10006627 | MCDONALD, BRIAN | | | | |
| 663 | 10006634 | CANZATER, JON | BRITISH DEUCES LTD | | | |
| 664 | 10006641 | STEPANIAN, ROBERT J | BSTEP EXPRESS INC | | | |
| 665 | 10006658 | YATSONSKY, CHARLES | C A Y INC | | | |
| 666 | 10006665 | HERNANDEZ, JUAN C | C & C ROTILLE INC | | | |
| 667 | 10006672 | STUART, CALVIN | | | | |
| 668 | 10006689 | PANARELLA JR , CARL THOMAS | | | | |
| 669 | 10006696 | MUNERA, CARLOS A | CC MUNERA LLC | | | |
| 670 | 10006702 | O'BRIAN, CAROLE | | | | |
| 671 | 10006719 | BOYKO, DENNIS | CBI EXPRESS INC | | | |
| 672 | 10006726 | BLOODGOOD, CHARLES | | | | |
| 673 | 10006733 | CARROLL, CHARLES CHRISTOPHER | CARROLL COURIER CORPORATION | | | |
| 674 | 10006740 | MIANO, CHARLES | | | | |
| 675 | 10006757 | SANTOS, CHARLES | | | | |
| 676 | 10006764 | BASELICE, CHRIS J | | | | |
| 677 | 10006771 | DELLISANTI, CHRIS | DELLISANTI TRUCKING INC | | | |
| 678 | 10006788 | HEIPP, CHRISTIAN D | | | | |
| 679 | 10006795 | MEDRANDA, CHRISTIAN G | | | | |
| 680 | 10006801 | BROWN, CHRISTOPHER | CJRJ TRUCKING, INC | | | |
| 681 | 10006818 | CORDERO, CHRISTOPHER | | | | |
| 682 | 10006825 | WALLACE, DANIEL F | | | | |
| 683 | 10006832 | BLISS, DANIEL SCOTT | | | | |
| 684 | 10006849 | ARRIETA, DARWIN J | D&V SUCCESS ON WHEELS INC | | | |
| 685 | 10006856 | LYNCH, FRANCIS | DELIVERITE CORP | | | |
| 686 | 10006863 | PETILLO, MIKE | D L V R  TRUCKING INC | | | |
| 687 | 10006870 | ODES, DOGAN | | | | |
| 688 | 10006887 | LOFTON, DORIAN A | | | | |
| 689 | 10006894 | TAYLOR, DOUGLAS KENT | | | | |
| 690 | 10006900 | DOW, DOUGLAS | DOUGLAS DOW, LLC | DDOW INC | | |
| 691 | 10006917 | RACIOPPI, DANIEL E | DRAC INC | | | |
| 692 | 10006924 | STEFANOVIC, DRAGAN | | | | |
| 693 | 10006931 | SMITH, DEWAYNE ANTHONY | DSV TRUCKING LLC | | | |
| 694 | 10006948 | BRAKE, DWAYNE L | DL2 BRAKE INCOPORATED | | | |
| 695 | 10006955 | ROBOTHAM, ERIC | E&J TRUCKING INC | ER DELIVERY INC | | |
| 696 | 10006962 | DIXON, ED | | | | |
| 697 | 10006979 | DRAHOS, EDWARD M | EMD SERVICES INC | | | |
| 698 | 10006986 | ARMSTRONG, EDWIN | ARMSTRONG TRUCKING INC | | | |
| 699 | 10006993 | SZABO, ERIC J | M & E TRUCKING OF NJ, INC | | | |
| 700 | 10007006 | HUSSLEIN, ERIK | IRON BLUE ENTERPRISES | BLUE METTLE, INC | | |
| 701 | 10007013 | ALCANTARA, ERNESTO | ALCANTARA TRANSPORT CORP | | | |
| 702 | 10007020 | SONSIADEK, FRANK | F19 STAGE, LLC | | | |
| 703 | 10007037 | CASTILLO, FRANKLIN | FCF TRANSPORT INC | | | |
| 704 | 10007044 | PARRA, FREDDY GEOVANNY | GAMAJ EXPRESS INC | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 705 | 10007051 | AGUDELO, GERSAIN | G A  INSTANT DELIVERIES | | | |
| 706 | 10007068 | FALITZ, GARY | COMASH TRUCKING INC | | | |
| 707 | 10007075 | KLESH JR , GEORGE ROBERT | M G CORPORATION | | | |
| 708 | 10007082 | WALSH, GEORGE | | | | |
| 709 | 10007099 | PILEGGI, GIOVANNI | | | | |
| 710 | 10007105 | HINDS, GREGORY | | | | |
| 711 | 10007112 | MOLINA, GUS M | GUS JAGG LLC | GUSS JAGG INC | | |
| 712 | 10007129 | PENNISI, GUY | GVMG TRANSPORT INC | GVMG TRANSPORT INC | | |
| 713 | 10007136 | KNIGHT, HARLAN | | | | |
| 714 | 10007143 | GLASSMAN, HAROLD | | | | |
| 715 | 10007150 | ARMSTRONG, W DAVID | HOT CORNER CARRIERS | | | |
| 716 | 10007167 | HAINES, ROBERT | HPDS LLC | | | |
| 717 | 10007174 | COLE, JACK | | | | |
| 718 | 10007181 | D'AURIA, JACK | | | | |
| 719 | 10007198 | LIOTARD JR , JAMES L | | | | |
| 720 | 10007204 | BUISSERETH, JEAN CLAUDE | | | | |
| 721 | 10007211 | REID, JOEL K | | | | |
| 722 | 10007228 | GREY, JOHN F | LINDY TRUCKING CORPORATION | | | |
| 723 | 10007235 | MAGRINI, JOHN V | | | | |
| 724 | 10007242 | HURTADO, JORGE | | | | |
| 725 | 10007259 | RODRIGUEZ, JOSE A | JAR TRUCKING, INC | | | |
| 726 | 10007266 | VALLE, JOSE A | BINO CORP | | | |
| 727 | 10007273 | LAIETA, JOSEPH | | | | |
| 728 | 10007280 | CHANG, ED | JOVAN CORPORATION | | | |
| 729 | 10007297 | TORRES, JUAN | LAD TRANS | JR TRANSPORT | JEMA TRANSPORT CORPORATION | |
| 730 | 10007303 | WEIR, JOHN ROBERT | JRW TRUCKING LLC | | | |
| 731 | 10007310 | GACHARNA, JUAN | | | | |
| 732 | 10007327 | BELTRE, JULIO A | J A B COURIER CORP | | | |
| 733 | 10007334 | SWANTEK, KARIN | | | | |
| 734 | 10007341 | MUSHALA, KARL | | | | |
| 735 | 10007358 | METZ, KENTON L | | | | |
| 736 | 10007365 | ESHELMAN, KEVIN CHARLES | | | | |
| 737 | 10007372 | HIGGINS, VINCENT JOSEPH | KMA TRUCKING INC | | | |
| 738 | 10007389 | AHENKORAH, KOFI | | | | |
| 739 | 10007396 | HARGROVE, LAMAR | | | | |
| 740 | 10007402 | LANG, JOHN | LANG DELIVERY SERVICE LLC | | | |
| 741 | 10007419 | SILVESTRO, LOUIS | | | | |
| 742 | 10007426 | NIEVES, LOVELYNN | | | | |
| 743 | 10007433 | YU, HENRY | LUCKY DRAGON LLC | EIGHT-8 CORPORATION | | |
| 744 | 10007440 | DINIZ, LUIZ | | | | |
| 745 | 10007457 | DEJESUS, MARCOS | | | | |
| 746 | 10007464 | ZEPEDA, MARIO | | | | |
| 747 | 10007471 | MCGREGOR, MARK ANTHONY | | | | |
| 748 | 10007488 | ZOFREA, MARK | | | | |
| 749 | 10007495 | JACOB, MATTHEW J | | | | |
| 750 | 10007501 | DICKINSON, MATT T | | | | |
| 751 | 10007518 | LIEBLANG, MATTHEEW J | | | | |
| 752 | 10007525 | TAYLOR, MERLE | | | | |
| 753 | 10007532 | UGUR, METIN | | | | |
| 754 | 10007549 | BLANCHARD, MICHAEL T | MTCR INC | | | |
| 755 | 10007556 | HUNSBERGER, MICHAEL | | | | |
| 756 | 10007563 | LEBERS, MICHAEL J | | | | |
| 757 | 10007570 | LEHMANN, MICHAEL | | | | |
| 758 | 10007587 | SCOTT, MIKE | M T SCOTT'S TRUCKING INC | | | |
| 759 | 10007594 | DELEON, MIGUEL | | | | |
| 760 | 10007600 | ROMERO, MIGUEL | DAVRIC DELIVERY INC | | | |
| 761 | 10007617 | UKU, MORRIS G | | | | |
| 762 | 10007624 | HATALA, MIKE | MRH TRANSPORT | MRHH TRANSPORT INC | | |
| 763 | 10007631 | TERESCHUK, MYROSLAV | MAXX TRUCKING LLC | MSD TRUCKING CORPORATION | | |
| 764 | 10007648 | SROUJI, NABIL G | | | | |
| 765 | 10007655 | PLASKY, NEIL B | | | | |
| 766 | 10007662 | DELAHOZ, NELSON | | | | |
| 767 | 10007679 | SOTO, NELSON | | | | |
| 768 | 10007686 | SIMIC, NENAD | SHONDEX INC | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 769 | 10007693 | SAHIN, NURI | | | | |
| 770 | 10007709 | BURSAKOVSKIY, OLEKSANDR | | | | |
| 771 | 10007716 | ORTIZ, ORLANDO | | | | |
| 772 | 10007723 | ADELSON, WILLIAM | PARK STREET FULFILLMENT CO INC | | | |
| 773 | 10007730 | ESCHER, PATRICK | | | | |
| 774 | 10007747 | ZIMMERMAN, PAUL | | | | |
| 775 | 10007754 | LAZOROSKI, ZORAN | PELICICA EXPRESS LLC | SUPERIOR DELIVERY SYSTEMS INC | | |
| 776 | 10007761 | KAMINSKI, PETER | | | | |
| 777 | 10007778 | TAPIA JR , RAFAEL N | TAPIA DELIVERY SERVICE CORPORATION | | | |
| 778 | 10007785 | GIACOBBE, RALPH | | | | |
| 779 | 10007792 | PAGLIUCO, RALPH R | | | | |
| 780 | 10007808 | BURNETT, RAY | | | | |
| 781 | 10007815 | PATEL, RITESH | | | | |
| 782 | 10007822 | HARMON, CHARLES D | RITE-WAY TRANSPORTATION INC | | | |
| 783 | 10007839 | ADAMS, ROBERT | | | | |
| 784 | 10007846 | GRASSBERGER, ROBERT | | | | |
| 785 | 10007853 | GROZALIS, ROBERT H | | | | |
| 786 | 10007860 | LEIDER, ROBERT J | | | | |
| 787 | 10007877 | PETERSON, ROBERT | | | | |
| 788 | 10007884 | WOODSON JR , ROBERT W | | | | |
| 789 | 10007891 | PRINCE JR , ROLAND | | | | |
| 790 | 10007907 | GALLEGOS, ROLANDO J | | | | |
| 791 | 10007914 | ROBBINS, RONALD | | | | |
| 792 | 10007921 | WALKER, RUSSELL | | | | |
| 793 | 10007938 | BROWN, SCOTT | STANLEASE INC | | | |
| 794 | 10007945 | HOSEIN, SHAWN | | | | |
| 795 | 10007952 | EATON, SIDNEY | | | | |
| 796 | 10007969 | SIWIELA, PIOTR ARTUR | PIOTR SIWIELA | | | |
| 797 | 10007976 | RIGGINS, STEPHEN | | | | |
| 798 | 10007983 | KINCH, STEVE A | | | | |
| 799 | 10007990 | STOUDT, THOMAS | STOUDT LOGISTICS LLC | | | |
| 800 | 10008003 | RUTLEDGE, TAUHEED | | | | |
| 801 | 10008010 | MIKULSKI, THOMAS C | | | | |
| 802 | 10008027 | CONNORS, THOMAS | | | | |
| 803 | 10008034 | CARHART, THOMAS RUSSELL | | | | |
| 804 | 10008041 | CRUSE, TODD | | | | |
| 805 | 10008058 | SPENCER, TREVOR G | | | | |
| 806 | 10008065 | ODES, UGUR | | | | |
| 807 | 10008072 | SANCHEZ, VICTOR EMILIO | | | | |
| 808 | 10008089 | AFRIYIEKORRIE, VINCENT | KORRIE INTERNATIONAL CORPORATION | | | |
| 809 | 10008096 | CUTRO, VINCENT | VKC TRUCKING INC | | | |
| 810 | 10008102 | PEARSON, WAYNE C | CHARBAM, INC | | | |
| 811 | 10008119 | HALDANE, WILLIAM D | | | | |
| 812 | 10008126 | DELLO, WILLIAM | DELLO DELIVERY INC | | | |
| 813 | 10008133 | DICKSON, WILLIAM | | | | |
| 814 | 10008140 | REAGAN, WILLIAM | | | | |
| 815 | 10008157 | ROSATI, WILLIAM | | | | |
| 816 | 10008164 | VAZQUEZ, WILLIAM | | | | |
| 817 | 10008171 | KANSAY, YUSUF HIKMET | | | | |
| 818 | 10008188 | SALGADO, CARLOS | C A  SALGADO DELIVERY SVC INC | | | |
| 819 | 10008195 | DELROSSO, LOUIS | C A L  SERVICES INC | | | |
| 820 | 10008201 | DELACRUZ, CESAR | C J R  EXPRESS INC | SENTINELS EXPRESS INC | | |
| 821 | 10008218 | DELACRUZ, CESAR | C J R  EXPRESS INC | SENTINELS EXPRESS INC | | |
| 822 | 10008225 | OWEN, CHRISTOPHER J | WOODSHER INC | | | |
| 823 | 10008232 | ARCINIEGAS, JEIMMY | COLPER INC | CJ & J SERVICE INC | | |
| 824 | 10008249 | CONTRERAS, RAMIRO | CONTRERAS INC | | | |
| 825 | 10008256 | DELILLO, CRAIG | NIKA TRUCKING CORP | DELILLO TRUCKING LLC | C  DELILLO TRUCKING CORP | |
| 826 | 10008263 | PENICARO, DAVID | D A  PENICARO LLC | | | |
| 827 | 10008270 | TRAJANOSKI, DANNY | KOJNE TRUCKING INC | TRAJANOSKI TRUCKING INC | | |
| 828 | 10008287 | CASTRO, JOSEPH | J-N-M TRKG & TRANSPORTATION IN | DNJ TRUCKING | | |
| 829 | 10008294 | DOLEGA, MARCIN | DOL-MAR TRUCKING CO | | | |
| 830 | 10008300 | DASILVA, ENEAS | ENEAS LOPES DA SILVA INC | | | |
| 831 | 10008317 | CORTEZ, ENRIQUE F | JOCELYN CORTEZ INC | | | |
| 832 | 10008324 | LAMBERT JR , MYLES J | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|---|---|---|---|---|---|---|
| 833 | 10008331 | TORRES, JOSE L | FATHER & SON CORP | TORRFEX INC | | |
| 834 | 10008348 | CARRERA, GERARDO | J A  CARRERA SERVICES INC | | | |
| 835 | 10008355 | GRUJIC, LAZAR | GRUJIC TRUCKING LLC | GRUJIC TRUCKING | SIRMIUM CORP | |
| 836 | 10008362 | COACHMAN, IRWIN G | I  COACHMAN INC | 744 STONE STREET, INC | | |
| 837 | 10008379 | JARVIE, JOHN SCOTT | JARVIE CORPORATION | JARVIE CORPORATION INC | | |
| 838 | 10008386 | ROBINSON, JERRY | JERVON CORP | | | |
| 839 | 10008393 | SULZER, JERRY | JM TRUCKING & SONS LLC | M J  & SONS TRUCKING, INC | | |
| 840 | 10008409 | OSORIO, JOSE MANUEL | JOSE M OSORIO INC | V AND J'S TRUCKING INCORPORATED | | |
| 841 | 10008416 | TORRES, JUAN | LAD TRANS | JR TRANSPORT | JEMA TRANSPORT CORPORATION | |
| 842 | 10008423 | CARTER, WILLIAM | K B  CARTER INC | | | |
| 843 | 10008430 | DEPAULI, KEVIN | KDV ENTERPRISES INC | | | |
| 844 | 10008447 | SCHMIDT, LOUIS | LK TRANSPORTATION INC | LINCART TRUCKING LLC | CARTLIN TRUCKING, INC | |
| 845 | 10008454 | SCHMIDT, LOUIS | LK TRANSPORTATION INC | LINCART TRUCKING LLC | CARTLIN TRUCKING, INC | |
| 846 | 10008461 | ABUHAMDA, LUTFI | LUTFI & ASSOCIATES CORP | LUTFI EXPRESS LLC | | |
| 847 | 10008478 | CARTER, LUIS A | LUIS A CARTER INC | | | |
| 848 | 10008485 | DASILVA, MARCEL | M X SILVA SERVICE | | | |
| 849 | 10008492 | JOSEPIN, MARCO A | MARLO INC | | | |
| 850 | 10008508 | THOMAS, MARLON O | THOMAS, MARLON O | MARPAL DELIVERY SERVICE INC | | |
| 851 | 10008515 | ROCCO, ANTHONY M | | | | |
| 852 | 10008522 | AYDOGAN, MEHMET | | | | |
| 853 | 10008539 | SIVRI, MELEN | SIVRI CORP | | | |
| 854 | 10008546 | STARKS, MICHAEL | MS TRUCKING LLC | | | |
| 855 | 10008553 | CIARDIELLO, NICHOLAS | N C TRUCKING INC | NC ENTERPRISES INC | | |
| 856 | 10008560 | GOBIN, NIZAMUDEEN | Z'S COURIER SERVICE INC | | | |
| 857 | 10008577 | GREENE, MIKE | AT LAST DELIVERY SERVICE INC | | | |
| 858 | 10008584 | GREENE, MIKE | AT LAST DELIVERY SERVICE INC | | | |
| 859 | 10008591 | MORGAN, PETER S | PETER MORGAN INC | | | |
| 860 | 10008607 | AGUILOPERALTA, RAMON | AGUILO TRUCKING INC | | | |
| 861 | 10008614 | CIARDIELLO, ROBERT | BAL SERVICES INC | | | |
| 862 | 10008621 | RIVITZ, MICHAEL I | R I NO 2 CORPORATION | R I  NO  2 CORPORATION | R I  NO  2 CORPORATION | |
| 863 | 10008638 | KONOP, RICHARD | R K  HOLDINGS INC | | | |
| 864 | 10008645 | KUGELMAN, ROBERT SCOTT | ROBERT S  KUGELMAN INC | | | |
| 865 | 10008652 | TRBOVICH, RUDY | SILK CITY ENTERPRISES INC | | | |
| 866 | 10008669 | HAQ, SAER S | SAER XPRESS LIMITED LIABILITY | | | |
| 867 | 10008676 | ROBLES JR , ISAURO J | BLACK MADONNA INC | | | |
| 868 | 10008683 | RAVEL, STEPHEN P | STEPHEN P  RAVEL CORP | | | |
| 869 | 10008690 | BASKERVILLE, TARIQ | TARIQ BASKERVILLE INC | | | |
| 870 | 10008706 | BABBS, TERRY | TERRY TRANSPORTATION | | | |
| 871 | 10008713 | MEYER, WILLIAM J | JENALI INC | WILLIAM MEYER LLC | | |
| 872 | 10008720 | SURIEL, GABRIEL | | | | |
| 873 | 10008737 | GARCIA, ADALBERTO | | | | |
| 874 | 10008744 | PLUMMER, GARY | | | | |
| 875 | 10008751 | MENDEZ, VICTOR O | | | | |
| 876 | 10008768 | KIRCHHOFER, ROBERT | | | | |
| 877 | 10008775 | RODRIGUEZ, CARMEN | CARMEN AND LOVEN CORP | | | |
| 878 | 10008782 | GEPHART, JOEL | EASTERN GRANITE INC | JAGCOR LLC | | |
| 879 | 10008799 | MAHAND, CHAD WESLEY | HANDCO INCORPORATED | | | |
| 880 | 10008805 | MAHAND, CHAD WESLEY | HANDCO INCORPORATED | | | |
| 881 | 10008812 | NERIS, JEFFREY | NERIS LOGISTICS INC | | | |
| 882 | 10008829 | AUSTIN, WESTON RICARDO GUNN | | | | |
| 883 | 10008836 | QUINN, DOROTHY A | | | | |
| 884 | 10008843 | VASQUEZ, RENE | RAN TRUCKING INC | | | |
| 885 | 10008850 | LITARDO, ALFREDO | | | | |
| 886 | 10008867 | ARCHER, DANIEL | | | | |
| 887 | 10008874 | RODRIGUEZ, CARMEN | CARMEN AND LOVEN CORP | | | |
| 888 | 10008881 | FERRAU, ANTHONY | | | | |
| 889 | 10008898 | KROMER, BLAKE | | | | |
| 890 | 10008904 | LLOYD, EVERAL | GARDEN STATE COURIER INC | GARDEN STATE DEL  & LOGISTICS | | |
| 891 | 10008911 | PASSALACQUA, ROBERTO | | | | |
| 892 | 10008928 | CATALANO, GIACOMO | AGMC ENT | AGMC ENTERPRISES | | |
| 893 | 10008935 | SCHMIDT, THOMAS S | T S S TRUCKING, INC | | | |
| 894 | 10008942 | SCHNEIDER, WILLIAM J | | | | |
| 895 | 10008959 | SANCHEZ, CARLOS F | WHITE ISLAND INC | | | |
| 896 | 10008966 | WITHEROW, THOMAS E | | | | |

| Count | Main_RustID | Contractor Name | Company Name 1 | Company Name 2 | Company Name 3 | Company Name 4 |
|-------|-------------|-----------------|----------------|----------------|----------------|----------------|
| 897 | 10008973 | LAWRENCE, DAMION M | AMAI & SON LLC | | | |
| 898 | 10008980 | ROTH, BENNETT | | | | |
| 899 | 10008997 | HERNANDEZ, DAVID S | | | | |
| 900 | 10009000 | MILLER, GARY J | | | | |
| 901 | 10009017 | ROCHA, ROBERTO | | | | |