**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

|  |  |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | : Case No. 3:05-MD-527-RM<br>: (MDL 1700)<br>:<br>: Judge Robert L. Miller Jr. |
| THIS DOCUMENT RELATES TO:<br><br>Michael Tofaute, et al. v. FedEx Ground Package System, Inc., Civil No. 3:05-cv-00595-RLM-CAN (NJ) | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**NEW JERSEY CLASS REPRESENTATIVES' REPLY TO CO-LEAD COUNSEL'S**
**BRIEF IN OPPOSITION TO NEW JERSEY CLASS REPRESENTATIVES'**
**MOTION FOR AN ORDER AWARDING FEES AND COSTS**

**DiSABATO & BOUCKENOOGHE LLC**
David J. DiSabato, Esq.
Lisa R. Bouckenooghe, Esq.
4 Hilltop Road
Mendham, New Jersey 07945
Tel.: 973-813-2525
Fax: 973-900-8445
ddisabato@disabatolaw.com
lbouckenooghe@disabatolaw.com

**NAGEL RICE LLP**
Greg M. Kohn, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
Tel.: 973-618-0400
Fax: 973-618-9194
gkohn@nagelrice.com

*Attorneys for Objectors/New Jersey Class Representatives*

Dated:  May 30, 2017

## PRELIMINARY STATEMENT

Contrary to Co-Lead Counsel's position, the NJ Class Reps did in fact provide a significant and material benefit to the class. The benefits conferred need not be monetary. For example, but for the NJ Class Reps actions, no new (correct) class notice would have been sent, objections to the settlement from members of the class would not have been received, and the settlement would not have received the extra scrutiny that was called for. These actions conferred a benefit on the class – and on the approval process – by ensuring that the settlement notice contained the correct information on which to base a decision to agree or object to the settlement and by ensuring that the settlement was fair and reasonable and that the attorneys' fees were reasonable.

The context of the NJ Class Reps' objection was extraordinary as the seven Court-appointed New Jersey representatives had each rejected the proposed settlement, and were forced to find and retain new counsel to protect the interests of the New Jersey class. This is not a case where uninvited professional objectors arrived to spoil the settlement and extort fees. Nor was this a case where the objectors were acting out of self-interest at the expense of the class. On the contrary, this is a case where the NJ Class Reps were compelled to hire separate counsel to protect the New Jersey drivers, to maximize recovery for the class, to

correct the errors of the settlement and notice process, and to bring a degree of "checks and balances" to the process.

To that end, the NJ Class Reps succeeded in getting the class notice reissued to correct material errors regarding both the average recovery amount and the NJ Class Reps approval of the settlement. The NJ Class Reps shed light on the settlement process, lead a deep investigation into the valuation of the settled claims, and opened the door to an important analysis of the counsel fees sought by Co-Lead Counsel from the common fund. These actions by the NJ Class Reps resulted in more and better information being available to the Court, which is why courts want objectors in the first place. To not award objectors their fair and reasonable attorneys' fees where the objectors furthered the adversarial process, obtained new notice to the class, and ensured that the attorneys' fees to class counsel are fair and reasonable will have a chilling effect on objectors and may deter future objectors in similar class actions. This should be avoided at all costs. As a result, the NJ Class Reps request for attorneys' fees and costs should be granted.

**ARGUMENT**

**I.   THE NJ CLASS REPS ARE ENTITLED TO THEIR FEES AND COSTS**

**A. Co-Lead Counsel's Attempt to Minimize The Benefit Conferred By The NJ Class Reps Fails**

The NJ Class Reps played an important role by giving the Court information regarding the merits of the settlement and Co-Lead Counsel's request for attorneys' fees. See Great Neck Capital Appreciation Investment Partnership v. Price WaterhouseCoopers, LLP, 212 F.R.D. 400, 412-413 (E.D. Wisc. 2002).  This is not the typical case where random class members intervene and attempt to hold up the settlement or seek to extort attorneys' fees for giving up their objection.  Rather, all seven of the court-appointed class representatives sought out new counsel in order to object to what they believe to be an unfair and unreasonable settlement and fee request.  The arguments raised by the NJ Class Reps were not frivolous.  The arguments represented the valid concerns that the NJ Class Reps had regarding the problems with the settlement and with the fee request.

Co-Lead Counsel attempts to diminish the NJ Class Reps' role in obtaining relief for the class.  Co-Lead Counsel first argues that they unilaterally re-noticed the class "out of an abundance of caution."  See ECF# 264 at 3, 5. However, it was not until the NJ Class Reps filed their objection pointing out the materially incorrect information contained in the class notice that the Court

3

addressed the issue and the class was re-noticed with the correct information.   Co-Lead Counsel's attempt to argue that they were the impetus behind the re-notice of the class or that it was something that would have been done regardless of the NJ Class Reps' objection rings hollow.  Id.  The re-noticing of the class and the updates to the settlement website to reflect the correct information was a tangible benefit conferred to the class solely because of the NJ Class Reps' efforts.   These efforts led to additional objections being filed by class members who now had the true and accurate information regarding both the settlement and the class representatives' opinion regarding the fairness of the settlement.

Moreover, Co-Lead Counsel's reliance on the stipulation they drafted and filed is unavailing.  See Id.  The self-serving stipulation regarding Co-Lead Counsel's concession that re-notice was necessary is transparent.   Co-Lead Counsel's decision to concede to re-notice the class at the last minute after strenuously objecting to doing so on the conference call with the Court was motivated only by a desire to anticipatorily meet the NJ Class Reps' argument that the NJ Class Reps were solely responsible for the re-notice.

Co-Lead Counsel also argues that the addition information provided to the Court in response to the NJ Class Reps' objections was before the Court the entire time and that the NJ Class Reps'

4

objections was not the stimulus that brought this new information to the Court. Again that is not the case. It was not until the NJ Class Reps raised their objection to the reasonableness of Co-Lead Counsel's attorneys' fees that Co-Lead Counsel submitted a supplemental declaration setting forth the actual amount of fees obtained from the cases remanded out of the MDL. See ECF# 3027. None of the information regarding the fees received in the other cases was part of Co-Lead Counsel's initial declaration to the Court. Compare ECF# 3027 and ECF# 2786. The supplemental declaration contained the full details regarding the remanded cases and the attorneys' fees received, including the revised amount of duplicative fees which increased at a minimum by $3.8 million and more likely by over $20 million from the initial disclosure by Co-Lead Counsel. See Id. at 4-5. In addition, Co-Lead Counsel provided new evidence at the Fairness Hearing regarding the fee calculations and the fees received from the remanded cases. None of this information would have been before the Court absent the NJ Class Reps' objections. Nor would have any information regarding Judge Chen's concerns about overlapping fees in the California Alexander settlement.

Co-Lead Counsel also ignores the fact that the Court deemed it necessary for the parties to provide a proffer regarding the validity of the settlement due to the issues raised by the NJ Class Reps. In addition, the motion practice that occurred was necessary

5

because despite requests for documents to fully evaluate the settlement and its relief, Co-Lead Counsel took the position that it would not produce any of the requested documents.

**B. The Case Law Supports The NJ Class Reps' Request For Fees and Costs**

The court may award fees to objectors who provided services that aided the court's review of a class-action settlement. See Manual for Complex Litigation (Fourth) § 14.11 (2004). Co-Lead Counsel's recitation of cases regarding fees awarded to objectors does not preclude or prevent this Court from awarding fees and costs in this case. None of the case law cited by Co-Lead Counsel states that an award of fees to an objector should not be granted where the objectors obtained relief such as: re-notice to the class, updated disclosures on the settlement website, obtained additional information for the Court regarding duplicative attorneys' fees recovered, and furthered the adversarial process.

Co-Lead Counsel attempts to distinguish the Great Neck case relied upon by the NJ Class Reps by stating in a footnote that "[the court] clearly erred." See ECF# 264 at 10. However, the court in Great Neck did not err and the holding from that case has been relied upon by other courts in the district as well as Newberg on Class Actions. See William B. Rubenstein, *Newberg on Class Actions*, §15:60 (5th ed. 2011)(objectors may be entitled to fees even if their objections do not alter the conclusions the court

6

would have reached in their absence).   For example, in Mirfasihi

v. Fleet Mortg. Corp., the court opined that it would follow "the

examples of *Great Neck* and other cases that awarded objectors an

amount equivalent to between three and five per cent of the fees

awarded to class counsel," which the court then reduced to two and

a half percent.  2007 WL 2608778, at *7 (N.D. Ill. Sept. 6,

2007), aff'd, 551 F.3d 682 (7th Cir. 2008)(Seventh Circuit stated

that although the "success obtained by the objectors was meager,"

they were still entitled to a fee award.).

Moreover, Co-Lead Counsel relies on In re Trans Union Corp.

Privacy Litig., 629 F.3d 741, 743 (7th Cir. 2011), but fails to

point out what the court stated about fees for objectors.   The

Seventh Circuit stated that "[c]lass lawyers may try to fend off

interlopers who oppose a proposed settlement as insufficiently

generous to the class; and given the role of such interlopers in

preventing cozy deals that favor class lawyers and defendants at

the expense of class members, **their requests for fees must not be

slighted.**"   Id. (emphasis added).

Further, Co-Lead Counsel's reliance on Kolinek v. Walgreen

Co. is misplaced. 311 F.R.D. 483, 504 (N.D. Ill. 2015), appeal

dismissed (Jan. 27, 2016), appeal dismissed (Feb. 1, 2016), appeal

dismissed (Feb. 3, 2016).  In Kolinek, the objector sought

clarification of the settlement terms at the last possible minute

and then withdrew the objection upon simply receiving a letter on

7

the eve of the fairness hearing. Id. The objector then sought his attorneys' fees, which were denied. Id. Those facts are inapposite from the facts of this case.

Co-Lead Counsel also argues that the NJ Class Reps should be denied a fee because of the Court's statement that the allegations regarding conduct by Co-Lead Counsel were unnecessary. See ECF# 264 at 9. However, the case relied upon by Co-Lead Counsel did not grant that relief. Rather, the Seventh Circuit in Mirfasihi, reduced the 5% fee award to objectors to 2.5%, it did not deny the objectors a fee. 551 F.3d 682, 687 (7th Cir. 2008). In Mirfasihi, the objectors raised the same set of objections without any additional legal support or analysis for their assertions multiple times, including copying text directly from their second set of objections into their third set of objections. See Mirfasihi, 2007 WL 2608778, at *6. The court found that this wasted the court's time. Id. That is not the situation here and no reduction in fees should occur due to the one statement the Court found objectionable.

## C. The Fees and Costs Requested Are Fair and Reasonable

The trial judge has broad discretion to determine whether, and in what amount, attorney's fees should be awarded to an objector, since the court is in the best position to determine whether the objector assisted the court and enhanced the recovery. §6:27. Award of attorney's fees—Attorney's fees for objectors'

counsel, 2 McLaughlin on Class Actions § 6:27 (13th ed.).   Co-Lead Counsel argues that the NJ Class Reps could not calculate the benefit they conferred and thus the fees requested are more than any benefit. See ECF# 264 at 7.

In this case, it is difficult to determine, exactly, the value of the improvement to the settlement provided by the NJ Class Reps. Kaufman v. Am. Express Travel Related Servs., Co., 2016 WL 806546, at *14 (N.D. Ill. Mar. 2, 2016)(awarding objectors fees even though difficult to determine the value of the improvement to the settlement where re-notice was obtained).   However, objections that succeed in getting a new notice sent to the class have created tangible value for the class members, even though it is non-monetary in nature. See William B. Rubenstein, *Newberg on Class Actions*, §15:94 (5th ed. 2011).

Moreover, an objector may confer a substantial benefit on class members solely by aiding the court's review of the proposed settlement--by sharpening the adversary process to facilitate evaluation of an issue. See In re Celexa & Lexapro Mktg. & Sales Practices Litig., 2014 WL 4446464, at *9 (D. Mass. Sept. 8, 2014). Despite Co-Lead Counsel's position, the arguments raised by the NJ Class Reps aided the Court and ensured that the settlement would receive appropriate scrutiny.   Co-Lead Counsel does not attempt to distinguish any of the cases relied upon by the NJ Class Reps except for Great Neck, discussed above.   The remaining cases,

ignored by Co-Lead Counsel, establish that an objector is entitled to attorney's fees for having sharpened the adversarial process and facilitated evaluation of the proposed settlement. See Dutchak v. International Broth. Of Teasters, 1989 WL 122395, *2 (N.D. Ill. Oct. 2, 1989)(awarded fees to objectors reasoning that the objections required the "court to consider more fully and thoughtfully certain aspects of the settlement" despite opposition claiming that no value was created by the objectors); Fraley v. Facebook, Inc., 2014 WL 806072, at *2 (N.D. Cal. Feb. 27, 2014); In re MetLife Demutualization Litig., 689 F. Supp. 2d 297, 367 (E.D.N.Y. 2010). Co-Lead Counsel has no response to this line of cases.

The NJ Class Reps have contributed tangible benefits to the proposed class. See Great Neck Capital, supra, 212 F.R.D. at 413. The NJ Class Reps assisted the Court by raising issues that were not being considered and continually advanced the interests of the class. But for the actions of the NJ Class Reps, there would have been no opposition to the settlement and no inquiry into the validity of the settlement, the fairness of the settlement, or the reasonableness of the attorneys' fees requested by Co-Lead Counsel. The objections raised by the NJ Class Reps caused the court to consider more fully and thoughtfully the fairness of the settlement and the amount of fees requested by Co-Lead Counsel. By raising these objections, obtaining new notice, and enhancing

10

the adversarial process, the NJ Class Reps' counsel are entitled to their fees and costs.

## II. Objectors' Fee Awards Should Be Funded From Class Counsel's Fee Award

The burden of paying objector's fees should not fall on the class. The Great Neck court awarded the objector fees from "class counsel and the defendants as they may agree but without diminution of the sum awarded to the class." Id.; accord Ikon Office Solutions, 194 F.R.D. at 197 (Objectors' "fees and costs will be taken from class counsel's award to avoid dilution of the settlement fund."). Co-Lead Counsel's fails to offer any case law to contradict this position. The only statement offered by Co-Lead Counsel is an unsupported statement by the court in Kolinek that an objector's fees are drawn from the settlement fund. 311 F.R.D. at 503. The detailed analysis in Great Neck supports payment of objector's fees out of class counsel so that the class members are not responsible for additional fees and costs. That reasoning should be followed by the Court here to avoid any additional costs to the class.

## CONCLUSION

Based upon the above, the NJ Class Reps' Motion for Costs and Attorneys' Fees should be granted.

**DATED:** May 30, 2017        **DiSABATO & BOUCKENOOGHE LLC**

                    By:  */s/ David J. DiSabato*
                         David J. DiSabato, Esq.

Lisa R. Bouckenooghe, Esq.
4 Hilltop Road
Mendham, New Jersey 07945
Tel.: 973-813-2525
Fax: 973-900-8445
ddisabato@disabatolaw.com
lbouckenooghe@disabatolaw.com

**NAGEL RICE, LLP**

By:    */s/ Greg M. Kohn*
       Greg M. Kohn, Esq.
       103 Eisenhower Parkway
       Roseland, New Jersey 07068
       973-618-0400
       gkohn@nagelrice.com
       *Attorneys For the Objectors/*
       *New Jersey Class*
       *Representatives*

12